Cobb *vs.* The State of Georgia.

---

JACOB L. COBB, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant in error.

$$\begin{array}{cc} 45 & 11 \\ 102 & 659 \\ 45 & 11 \\ 113 & 1148 \end{array}$$

BY TWO JUDGES.—1. When, after the jury was stricken and before the cause was submitted to the jury on an indictment for a misdemeanor, the defendant then first discovered that two of the jurors, not stricken, had been on the grand jury pending the bill of indictment:

*Held,* That the defendants had a right to a new jury list, with talesmen substituted for the two incompetent jurors, and was entitled to his seven strikes from that list.

2. An indictment charging that the defendant had permitted A. B., a minor, to play or roll billiards on a table kept by him, without the consent of his parents, etc., is not demurrable, as in the alternative; the words play or roll are used in the statute as synonymous. 27th February, 1872.

Criminal Law. Jury. Pleading. Before Judge HARRELL. Randolph Superior Court. November Term, 1871.

The indictment charged that Cobb permitted a minor, without the consent of his parents, "to play or roll billiards," on

Cobb's billiard table. After the jury was stricken Cobb's counsel demurred to the indictment upon the ground that it contained "two distinct offenses." The demurrer was over-ruled. Before the case was submitted to the jury, Cobb's counsel notified the Court that he had just discovered that one of the jury impanneled to try the cause was of the grand jury who found the true bill. The Court replied that if there was no objection, he might take the last man stricken, and this was done. Cobb's counsel then said he had just dis-covered that there was another of said grand jury on the stricken jury. The Court suggested that the next last man stricken be substituted for *him.* This stricken juror had been stricken by Cobb, and his counsel objected to taking him, and asked that a new panel of twenty-four men be fur-nished, and that the whole jury be selected therefrom *de novo.* The Court refused to allow this, and gave him his choice be-tween the last man whom he had stricken or said grand ju-ror. Cobb's counsel took the stricken man, and the trial pro-ceeded. Cobb was convicted. He moved for a new trial because of said rulings and other matters not material here. The new trial was refused, and that is assigned as error.

·· B. S. WORRILL, for plaintiff in error. The demurrer was well taken : Acts of 1869, p. 145. As to the jury : Consti-tution United States, Article 1, section 1; 5th Georgia Re-ports, 85; 17th, 496.

S. WISE PARKER, Solicitor General, by Z. D. HARRISON, for the State.

McCAY, Judge.

It is not the policy of the law to try men for the violation of the law, by jurymen who have formed and expressed opin-ions from hearing the evidence as to their guilt or innocence. These two jurymen were clearly incompetent, and the fact of incompetency was not known until after the jury was fully

stricken. Under the statute, giving the prisoner seven strikes and the State five from a panel of twenty-four, the prisoner has the first and the last two strikes. We think it was contrary to the spirit of the statute, to force the prisoner to recall his last two strikes, or to consent to be tried by the two grand jurymen. The best and safest course for both the State and the prisoner would have been to make out a new list, leaving off the incompetent men and filling their places by *talesmen.* And this is in harmony with the whole spirit of the criminal law. The jury, thus presented, ought to have been then restricken. It was only a question of time with the Court, and the principles of justice might surely demand that much.

2. We think the indictment good. The words "play or roll" are evidently used as synonymous in the Act creating the offense, and do not describe different offenses. In the case of ten pins, play and roll are commonly used to describe the game; and, though not so frequently, used to describe the game of billiards, yet, sometimes this is the case, and it is not to be supposed that grave members of the Legislature are so familiar with the language used in the games they prohibit, as to use them with technical accuracy.

Judgment reversed.