ALMAND vs. THE COUNTY OF ROCKDALE.

The petitioners to the ordinary for a new road over the land of another are, when objected to, incompetent jurors to pass upon the question of damages between the county and the land-owner.
December 21, 1886.

Jury and Jurors.    Before Judge BOYNTON.    Rockdale Superior Court.    February Adjourned Term, 1886.

A petition was filed for the opening of a public road in Rockdale county, and Almand, through whose land it would run, filed a petition claiming damages.    A jury was summoned to try that question.    Almand objected to certain of the jurors on the ground that they signed the petition for the opening of the road, and to others on the ground that they were merchants and clerks in Conyers

and were interested in the opening of the road. These
objections were overruled. The jury returned a verdict
for $20 in favor of Almand. He carried the case to the
superior court by *certiorari*. This was overruled, and he
excepted.

GEO. W. GLEATON, for plaintiff in error.

J. N. GLENN, for defendant.

HALL, Justice.

That the petitioners to the ordinary for a new road over
the land of another are, when objected to, incompetent
jurors to pass upon the question of damages between the
county and the land-owner, we think there can be no doubt.
What was said in *Beall et al., ex'rs, vs. Clark et al.*, 71 *Ga.*
849, we again repeat, with all the emphasis that a persist-
ence in the views there expressed, after mature reflection,
can impart, " that the trial by jury cannot be too carefully
guarded to protect it from unfairness, but also from any
uncertainty on that score. Jurors should not only be im-
partial, but above suspicion." *Omni exceptione majores.*
The fact that the General Assembly of the State have
passed an act to render the citizens of a county, or of an
incorporated town or city, competent jurors in cases where
such corporations are parties, we apprehend, does not go
to the extent of qualifying them to serve where they are
parties or *quasi* parties to the proceeding to be investi-
gated, and which they induced the corporation to institute;
their participation subjects them to the imputation of bias
in favor of one party and prejudice against the other; they
are not and cannot be, in the eyes of the law, indifferent
and impartial jurors.

Judgment reversed.