## WELLS *v.* THE STATE.

Every person charged with an offense against the laws of this State is on demand entitled, under our constitution, to a trial by an impartial jury; and therefore where, upon the trial of a person indicted as for a misdemeanor, a juror, at the time the panel is put upon the accused, is challenged for a cause which would disqualify such juror, it is the right and duty of the court to subject him to such examination as in its discretion is necessary to ascertain whether he is in fact impartial as between the State and the accused. In the present case the court erred in overruling the challenges to the poll.

Submitted October 14, — Decided November 15, 1897.

Indictment for larceny from the house. Before Judge Freeman., City court of Newnan. July, term, 1897.

*Stallings & Orr* and *J. C. Newman,* for plaintiff in error.
*W. C. Wright, solicitor,* contra.

SIMMONS, C. J. Jones, Phillips and Wells were jointly indicted for a misdemeanor. Jones was tried first, and was convicted. In the statement he made on his trial he implicated Wells as being concerned in the larceny. The larceny was proved, we presume, by other testimony also. When Wells was arraigned, the same jurors who had tried the case against Jones were put upon Wells as part of the panel of twenty-four from which were to be selected the jurors by whom he was to be tried. Counsel for Wells challenged each of these jurors who had sat upon Jones's case, on the ground that they had

formed and expressed an opinion, and were therefore not impartial jurors; and requested the court to put them upon their voir dire, that their impartiality might be determined. This the court refused to do.

Under our constitution, every person accused of an offense against the laws of this State is entitled, when he demands it, to be tried by an impartial jury. If he believes or has reason to believe that one or any number of the panel put upon him is biased or prejudiced against him or is not impartial, he has the right to have the juror or jurors tested, if he makes the request properly and before the jury is sworn. When the challenge to the poll is thus made, it is the duty of the court to put the juror upon his voir dire and to ask him such questions as will test his fairness and impartiality. He may ask him, or cause him to be asked by counsel, the statutory questions prescribed for use in the trial of felonies, or such other questions as will test his impartiality between the State and the accused. In the case of *Schnell* v. *State*, 92 *Ga.* 459, relied upon by the State's counsel to sustain the ruling of the court below, there is nothing which conflicts with the ruling in this case. In that case it did not appear, as it does in this, that the challenge was made before the jury was sworn, and the challenge there was to the array instead of to the poll. And this court held that "if the matter of the challenge was good at all, it would not set aside the panel, but would be available only by challenges to the polls." It further held: "In trials for misdemeanors there is no right to examine a juror upon his voir dire without first challenging him and assigning a cause of challenge. This must be done before the juror is sworn, unless the cause of challenge be unknown till afterwards." In the present case the challenge was not to the array, but to the poll, and was made before the jury was sworn, a good cause of challenge being assigned. We think, therefore, that the court erred in not putting the challenged jurors upon their voir dire and allowing their impartiality to be tested. See *Smith* v. *State*, 63 *Ga.* 168 (8); *Cobb* v. *State*, 45 *Ga.* 11; *Schnell* v. *State*, supra.

*Judgment reversed. All the Justices concurring.*