BROWN *v.* THE STATE.

1. Where A. is indicted for selling his vote to B., and B. has been tried and convicted for purchasing such vote, a member of the jury that returned the verdict of guilty against B. is not a competent juror to try the issue on the indictment against A.    It was therefore error, when a juror was put upon the court as a trior in this case, for the court to refuse, upon request of defendant's counsel, to investigate the question as to whether the juror was a member of the jury that returned such a verdict.
2. The other questions made in this record are controlled by the case of *Cohen* v. *The State*, this day decided.

Argued June 20, — Decided July 18, 1898.

Indictment for selling · vote.    Before Judge Willis.    City court of Columbus.    April term, 1898.

*C. J. Thornton* and *A. E. Thornton*, for plaintiff in error.
*E. J. Wynn, solicitor,* and *T. Y. Crawford*, contra.

SIMMONS, C. J.    1. It seems that Cohen was indicted, tried and convicted for the offense of buying the vote of Sam Brown. The latter was put upon his trial for the offense of selling his vote to Cohen.    It appears that certain jurors who had served upon the jury which had tried Cohen were put upon Brown.    They were asked the statutory questions provided in the code to be propounded to jurors in the trial of a felony, and it seems that they qualified as jurors to try Brown for the misdemeanor with which he was charged.    Brown's counsel challenged four of the jurors, put them upon the court as a trior, suggested to the court that they had served upon the jury which had tried and convicted Cohen, and asked the court to investigate the matter. The court declined to make the investigation.    Brown was tried and convicted, and made a motion for a new trial, in which he alleged that the refusal of the court to make this investigation was error and would entitle him to a new trial. This motion was overruled, and Brown excepted.    We gather from the brief of State's counsel, that the court refused to make the investigation because the jurors challenged had answered the statutory questions provided for jurors in felony cases, and had qualified themselves to serve upon this particular jury.

In the trial of felony cases, the statute provides certain ques-

tions which are to be propounded to jurors in order to test their impartiality. The code makes no provision for the questions to be propounded to jurors trying misdemeanors. The court may have propounded to them some of the questions provided for jurors in felony cases, or he may propound such other questions as he may deem fit and proper to test the impartiality of the jurors. This is especially true when the juror is challenged and put upon the court as a trior and the particular ground of disqualification of the juror suggested to the court. If these four jurors had served upon the jury which had convicted Cohen of buying Brown's vote, they would certainly have been disqualified legally and morally from serving upon the jury to try Brown. Cohen could not have been convicted of buying Brown's vote unless the jury believed that Brown was guilty of selling it, and a juror who had found Cohen guilty must certainly have made up his mind that Brown was likewise guilty. Every person charged with an offense against the laws of this State is, under our constitution, entitled, on demand, to be tried by an impartial jury. When, in a misdemeanor case, a good ground of disqualification of a juror is suggested to the trial judge and the juror put upon him as a trior, it is his duty to investigate the matter; and this is true though the juror has qualified himself by answering the statutory questions. Under the facts of this case, we think the court erred in not making the proper investigation as to the qualification of the jurors. The cases cited by State's counsel, to the effect that the decision of the court as a trior can not be reviewed in this court, are not in point here. The court as a trior in this case did not make any decision upon any facts, but declined to investigate the matter at all. For these reasons we think the plaintiff in error is entitled to a new trial, that his case may be passed upon by a fair and impartial jury. See *Wells* v. *State,* 102 *Ga.* 658.

2. The other questions made in this record are fully controlled by the decision this day made in the case of *Cohen* v. *State,* ante, 734.

*Judgment reversed. All the Justices concurring.*