### SMITH v. THE STATE.

LUMPKIN, P. J.   Evidence that the accused, who was charged with carrying a
pistol concealed, owned such a weapon ; that he carried it in an open manner
from his home to a " party " which was had at night ; that while at the same
he accidentally shot another person with the pistol, and that the latter " had
seen [the accused] several times that night before pistol fired, and he saw no
pistol till after he was shot," was not sufficient to show beyond a reason-
able doubt and to the exclusion of every other rational hypothesis that the
accused had the pistol on his person all of the time the " party " was in prog-
ress up to the moment when the weapon was fired, or that at any time on the
night in question he actually had or carried the pistol on his person so con-
cealed that it might not have been visible from some point of view not occu-
pied by the person who was shot when he was looking at the accused.

                    *Judgment reversed.   All the Justices concurring.*

                    Submitted May 20, — Decided May 27, 1901.

·   Certiorari.   Before Judge Hart.   Greene superior court.   March
14, 1901.

*Joseph P. Brown*, for plaintiff in error.
*H. G. Lewis*, solicitor-general, and *James Davison*, contra.

---

### CREW v. THE STATE.

SIMMONS, C. J.   1. To entitle one indicted for a misdemeanor to put the jurors
upon their voir dire to ascertain whether they are impartial, he must make a
challenge to the poll.   A mere announcement to the court that counsel for
the accused had heard, since the selection of the jury, that one of them (whose
name was not stated) had formed and expressed an opinion that the accused
was guilty, was not a proper challenge, and the court did not err in refusing
to put the jurors upon their voir dire.   *Schnell* v. *State*, 92 *Ga.* 459 ; *Wells* v.
*State*, 102 *Ga.* 658 ; *Thompson* v. *State*, 109 *Ga.* 272.
·2. The evidence sought to be introduced by the accused and excluded by the
court was irrelevant and inadmissible.   The evidence warranted the verdict,
and the trial judge did not err in refusing to grant a new trial.

                    *Judgment affirmed.   All the Justices concurring.*

                    Submitted May 20, — Decided May 27, 1901.

Indictment for assault and battery.   Before Judge Janes.   Haral-
son superior court.   April 18, 1901.

*E. S. & G. D. Griffith* and *W. R. Hutcheson*, for plaintiff in error.
*W. T. Roberts*, solicitor-general, contra.