## LEWIS *v.* THE STATE.

</div>

Where jurors are challenged on the ground that they do not stand indifferent between the State and the accused, because they have already served in a trial against others involved in the same transaction as that for which the accused is to be tried, the Penal Code, § 757, makes it the duty of the county-court judge to test their impartiality.  This should be done by putting the jurors on their voir dire, and hearing evidence as to whether the case to be tried involves the same transaction as to which they have already rendered a verdict.

<div align="center">

Argued October 20, — Decided October 30, 1903.

</div>

Certiorari.      Before Judge Evans.      Putnam superior court. July 13, 1903.

This was a certiorari from a conviction of gaming, in the county court before a jury of six.      The petition alleged that on the call of the case, and before arraignment, the defendant challenged ten named jurors " called in this case, on the ground that said jurors do not stand indifferent between the State and the defendant; because all of said jurors have found other persons guilty growing out of the same transaction; that said jurors have heard all the evidence in the cases of the State versus Fountain Turner, William Strickland, and William Reid, and that each of said jurors has passed upon one or the other of said cases, and all of said defendants were found guilty; that the evidence for the State in this case is the same as the evidence in said three named cases, the witnesses for the State are the same witnesses; and that the alleged gaming was at the same time and place as in the cases of Fountain Turner, William Strickland, and William Reid; that said jurors possess such a state of mind regarding this case, and especially this defendant, that said jurors can not try the case impartially."      In his answer the judge of the county court states, that when the case was called " counsel for the defendant objected

to the jury, practically on the grounds stated in the petition for certiorari,·except that no particular juror was named. There was no evidence submitted to the court in support of any of the grounds of his motion or challenge. As a matter of fact the evidence in all of the cases is not the same." The certiorari was overruled, and the defendant excepted.

*W. T. Davidson*, for plaintiff in error.

*Joseph E. Pottle, solicitor-general*, and *W. B. Wingfield*, contra.

LAMAR, J. That jurors should be impartial is of the very essence of a fair trial by jury. If they have already taken part in the trial of other persons implicated in the offense of which the defendant is charged, they have almost necessarily received an impression either for or against him. When they are challenged because of the fact that they were jurors in the previous hearing, the judge of the county court is required by the Penal Code, § 757, to test their impartiality. The challenge of itself raised the issue, and it was error not to frame appropriate questions to be put them on their voir dire, and hear testimony as to whether the case under investigation involved matters on which they had previously passed. Compare *Wells* v. *State*, 102 *Ga.* 658 ; *Brown* v. *State*, 104 *Ga.* 736.          *Judgment reversed. All the Justices concur.*