## BRYAN v. THE STATE.

1. A challenge to the array is an objection to all the jurors collectively, because of some defect in the panel as a whole.

2. Where it was contended that certain members of the jury whose names appeared on the panel had just before been members of a jury who had found a verdict of guilty against another person charged with gaming while playing in the same game involved in the charge against the defendant, the point should have been raised by a challenge to the polls, and not to the array.

Submitted October 18,—Decided November 9, 1905.

Indictment for gambling.   Before Judge Cann.   Chatham superior court.   June 24, 1905.

Bryan was charged with gaming, and found guilty.   There was direct evidence to show his guilt.   He moved for a new trial, on the ground that the verdict was contrary to law and evidence; and also because the court overruled a challenge to the array of jurors put upon him, on the ground that it did not contain an impartial jury, because of. the panel of twenty-four jurors put upon him ten had on the same day been members of a jury who found against another person a verdict of guilty of the offense of gaming while playing in the same game involved in the charge against this defendant.   The motion was overruled, and the defendant excepted.

*Twiggs & Oliver,* for plaintiff in error.

*W. W. Osborne, solicitor-general,* contra.

LUMPKIN, J. (After stating the facts.) A challenge to the array is an objection to all the jurors collectively, because of some defect in the panel as a whole. If some of the jurors included in the panel are not impartial, this can not be properly reached by a challenge to the array, but by challenge to the polls. Upon proper challenge of a juror on the ground that he was a member of the jury on a previous trial involving the same transaction, the court will investigate the question; and if the juror be found incompetent, he will be set aside for cause. The motion for a new trial states that "for this reason this defendant challenged the array thus put upon him, upon the ground that the said panel did not contain an impartial jury, and asked the court to discharge said ten jurors and fill the panel with ten impartial jurors." But in the order overruling the motion for a new trial the presiding judge made the following statement: "In connection with the additional grounds of the motion, it is proper to state that the challenge to the array was oral; there was no challenge to the poll, nor request to examine any juror upon his voir dire; no particular juror was challenged." It thus appears that the challenge was made to the array instead of to the polls. See Penal Code, §972; *Eberhart* v. *State,* 47 *Ga.* 598; *Blackman* v. *State,* 80 *Ga.* 785(2); *Schnell* v. *State,* 92 *Ga.* 459; *Thompson* v. *State,* 109 *Ga.* 272; *Teal* v. *State,* 119 *Ga.* 102; *Crew* v. *State,* 113 *Ga.* 645; *Wells* v. *State,* 102 *Ga.* 658; *Brown* v. *State,* 104 *Ga.* 736; *Lewis* v. *State,* 118 *Ga.* 803; *Rawlins* v. *State,* ante, 33.          *Judgment affirmed. All the Justices concur.*