## 224. JACOBS v. THE STATE.

1. Where, in a criminal case, the evidence for the State is wholly negative in character, and is opposed by evidence for the defendant which is definite, positive, and unimpeached, and which clearly establishes the innocence of the accused, the negative testimony must yield to the positive evidence, and a verdict reached in disregard of this rule is contrary to law. Where the testimony of witnesses who testified positively may be true without it being necessary to reject any of the negative testimony as untrue, and the testimony can be harmonized without discrediting any witness, it is the duty of the jury to prefer the positive testimony. Penal Code, § 985; Civil Code, § 5165.

2. It is the duty of a trial court to see that defendants in criminal cases are tried by a jury such that not even the suspicion of bias (leaning) or prejudice (prejudgment) can attach to any member thereof. If a defendant charged with misdemeanor believes or has reason to believe that one, or any number, of the jurors put upon him is not impartial, he has the right to have the juror or jurors tested, if he makes the request properly and before the jury is sworn.

3. "When the challenge to the poll is thus made, it is the duty of the court to put the juror upon his voir dire, and to ask him such questions as will test his fairness and impartiality. He may ask him, or cause him to be asked by counsel, the statutory questions prescribed for use in the trial of felonies, or such other questions as will test his impartiality between the State and the accused." *Wells* v. *State,* 102 *Ga.* 659; *Cobb* v. *State,* 45 *Ga.* 11.

Accusation of vagrancy, from city court of Blakely—Judge Jordan. January 15, 1907.

Submitted March 20,—Decided March 28, 1907.

*Oliver & Russell,* for plaintiff in error.

*W. G. Park, solicitor,* contra.

RUSSELL, J. The defendant was convicted of vagrancy. The rigid enforcement of the law against those who will not work is of the greatest importance to society. Honest labor is the greatest preventive of crime, and idleness breeds every form of lawlessness. But criminal laws are not to be construed loosely, even to effectuate a good purpose. We think that the plaintiff in error in this case is entitled to a new trial, because the verdict is, for want of evidence, contrary to law. It appears, from the evidence, that one of the witnesses for the State did not see the defendant work; but this purely negative evidence is all that the State produced. Of course the jury would have had a perfect right to disregard the evidence for the defendant (which was precise, definite, affirmative, and pos-

itive that defendant did work), to disbelieve it entirely, and to give the preference to a witness or witnesses in behalf of the State, who testified that the defendant did not work; but there was no such testimony. The testimony for the State was purely negative. The most the witness was able to testify was that he had seen the defendant at times when he was not at work. That positive evidence is to be preferred to negative is an elementary rule of evidence, binding upon juries, but absolutely disregarded in this case. If the allegations were sustained by some proof (however little), we would not disturb the verdict; but material allegations made by the State must be proved in the prosecutions of vagrancy as in other cases. The act of 1903, as amended in 1905 (Acts 1905, p. 110), in the 8th subdivision of section 1, recognizes two exceptions, in the class of minors who are not vagrants even though they may not work,—those whose parents are able to support them, and those who are in attendance upon some educational institution. In the accusation in this case (in order to state a proper case and to show that the defendant is a vagrant) the State alleges that the parents of the defendant are unable to support him, and that he is not attending an educational institution. An allegation not material to the case frequently becomes a necessary subject-matter of proof by being alleged; and as the allegata must be sustained by the probata, the failure to prove the allegation as laid will work a new trial.

The second exception taken by the plaintiff in error is that a Mr. Loyless, a witness for the State in another vagrancy case against the same defendant, was allowed to serve as a juror. It is the duty of the trial court to see that defendants in criminal cases have the benefit of an impartial, unbiased jury,—a jury such that not even a suspicion of bias (*leaning*) or prejudice (*prejudgment*) will attach to it. The mere fact that one is a witness will not of itself disqualify him as a juror; but we recognize the force of the argument made by counsel for plaintiff in error, that if the juror in this case was also a witness against the defendant in another case of vagrancy, the charge is of such a nature that insensibly the mind of the juror might be affected by his knowledge; because the facts he knew in the one case of vagrancy would probably bear on the other charge of vagrancy against the same defendant. From the very nature of the crime, if he knew much that would aid the

State in any charge of vagrancy against the defendant, he would not be prejudiced in favor of the defendant or place a very high estimate on defendant's character as a citizen; but the mere fact that one is a witness will not disqualify him as a juror. The defendant has his right to test the jurors, and if he fails to exercise that right he can not complain. The Penal Code, §857, provides that the defendants in misdemeanors shall have seven peremptory challenges. In addition, the prisoner has the right, even in a misdemeanor case, to challenge a particular juror, and, after having assigned cause of challenge, to examine such a juror on his voir dire. *Schnell* v. *State,* 92 *Ga.* 459. Or the court may ask him any other questions that will test his fairness. Under our constitution every person accused of an offense against the law of this State is entitled, when he demands it, to be tried by an impartial jury. If he believes or has reason to believe that one, or any number, of a panel put upon him is biased or prejudiced against him, or is not impartial, he has the right to have the juror or jurors tested, if he makes the request properly and before the jury is sworn.

3. "When the challenge to the poll is thus made, it is the duty of the court to put the juror upon his voir dire, and to ask him such questions as will test his fairness and impartiality. He may ask him, or cause him to be asked by counsel, the statutory questions prescribed for use in the trial of felonies, or such other questions as will test his impartiality between the State and the accused." *Wells* v. *State,* 102 *Ga.* 659; *Cobb* v. *State,* 45 *Ga.* 11.

*Judgment reversed.*