### 1089. ROBERTS *v.* THE STATE.

1. A juror should come to the consideration of a criminal case unaffected by any previous judgment or opinion, as to any material fact in the issue to be tried, relating to the parties, the subject-matter, or the credibility of the witnesses.
2. Where the State relies upon the testimony of one witness to prove the criminal act, and the credibility of this witness has been unsuccessfully attacked on the trial of two other persons for offenses similar to that charged against the defendant, this witness being the only witness to the criminal act in all three of the cases, and his credibility is to be attacked by the same testimony as in the former cases, the jurors who tried and convicted the defendants in the two previous cases on the testimony of the one witness are disqualified, and a timely challenge of the jurors for cause should be sustained.

Certiorari, from Baldwin superior court—Judge Lewis. February 20, 1908.

Submitted April 21,—Decided May 18, 1908.

Roberts was convicted in the county court on an indictment charging him with a violation of the local-option act, in that he

did sell and barter, for valuable consideration, alcoholic, spirituous, malt, and intoxicating liquors and intoxicating bitters, and other drinks which, if drunk to excess, will produce intoxication. On certiorari the superior court approved the verdict and judgment, and refused a new trial, and this judgment is assigned as error.

On the call of the case for trial in the county court, the defend- ant challenged the competency of each of the jurors on the panel, for cause, and the court thereupon directed the clerk to propound to each juror the statutory questions prescribed in felony cases, and each of the jurors qualified. The attorney for the defendant then requested the court that he be allowed to propound other questions to the jurors, to test their competency, and offered to submit to the court on the question of the jurors' competency the following facts: That the prosecution was instituted by J. W. Roberts, a policeman in Milledgeville, and that he had as his assistant one Bennie Cooper, and that these two were the witnesses relied on by the State for conviction; that Cooper was the one to whom the State claimed the whisky was sold, and that he was the only witness to that fact; that he was paid $5 by the prosecuting policeman upon the delivery to him of the whisky which he was claimed to have bought illegally; that some twenty other cases for the same offense were made by the same parties, at the same term of the court, against various citizens of Milledgeville, in all of which the circumstances of the purchase were claimed by Cooper to be practically the same; that two of the cases had been tried by the jurors constituting the panel from which the jury was to be selected to try this defendant, and the trial in each case had resulted in a verdict of guilty; that in each case Cooper was the only witness to the sale, and in each had been impeached by testimony introduced for the defendants, and that in the present case the defendant proposed to introduce similar testimony impeaching Cooper. Counsel for the defendant stated that he proposed to make this showing for the purpose of inquiring of the jurors whether they had already passed on the character of Cooper, whether they had already determined that he was worthy of belief, and whether they were unbiased in the matter of the impeaching evidence that would be offered. The court declined to hear the evidence, and refused to allow the questions, or any other questions, except those prescribed in the code, to be propounded to the jurors.

*Edward R. Hines,* for plaintiff in error.

*Joseph E. Pottle, Carl Vinson,* contra.

HILL, C. J.    (After stating the facts.)

The challenge to the jurors was not to the array, but to the polls, and should have been allowed.    The challenge was directed to the competency of each individual juror, and the court should have heard the evidence which was offered by the defendant to test such competency.    Trial by jury is valuable only when the jurors are absolutely impartial, and the constitution of this State gives to every person accused of an offense against the laws of the State the right to demand a trial by an impartial jury, if he makes his request properly and before the jury is sworn.    When a challenge to the polls is thus made, it is the duty of the trial judge to put the juror upon his voir dire and ask him such questions as will test his fairness and impartiality.    The questions to be asked must be determined in each case by the character of the challenge made to the juror.    The questions must be such as will in each case determine the juror's competency.    Where the defendant is on trial for a misdemeanor, the court may ask the statutory questions prescribed for use in the trial of felony cases, or such other questions as will test the juror's impartiality.    If the juror, when put on the voir dire, qualifies and becomes apparently competent, either the defendant or the State then has the right to put the individual juror upon the court as a trior, and to submit any proof that will tend to illustrate the question of qualification.    *Humphries* v. *State,* 100 *Ga.* 260 (28 S. E. 25) ; *Thompson* v. *State,* 109 *Ga.* 272 (34 S. E. 579) ; *Wells* v. *State,* 102 *Ga.* 659 (29 S. E. 442).

In this case the jurors qualified when the statutory questions used in the trial of felony cases were propounded to them, but this fact manifestly did not test their impartiality.    In answer to these questions each juror might qualify with entire truthfulness, and yet be an incompetent juror in the case, under the facts which the defendant offered to prove.    If it was true that the only witness to the criminal act in the case against this defendant had been the only witness to the criminal act against two other parties convicted at the same term of the court, charged with similar offenses, and that the credibility of this one witness had been attacked in the two cases in which there were convictions, and that the panel of jurors from which the defendant was to select the jury

to try his case was composed of jurors who had tried the other two cases and who had believed this one witness notwithstanding the attack made upon him as to his credibility, and that the defendant in the present case relied upon the same testimony relating to the credit of this witness, it would seem that the jurors who had believed the testimony of the witness notwithstanding the attack in the two other cases would not be entirely competent to try the defendant.    The intent of the law is that the juror shall come to the consideration of the case unaffected by any previous judgment or opinion; and certainly a previous judgment or opinion as to the credibility of the one witness against the defendant, expressed by the verdicts in the other two cases, should disqualify the juror who had expressed such judgment or had entertained such opinion.    Whether this sole witness to the criminal act charged against the defendant was worthy of credit was vital to the defense of the accused.    If the jurors believed this witness they would convict the accused; if they did not believe him they would acquit.    If they had believed him notwithstanding the attack made upon his credit in the two former cases, it is certainly reasonable to presume that they would also believe him when a similar attack was made upon his credit by the defendant in the present case.    At least, the jury who had tried the other two cases would come to the consideration of the present case entertaining an opinion that the sole witness against the defendant was worthy of credit.    The defendant would, therefore, have the burden of combating a preconceived judgment or opinion formed by the jurors as to a most material fact in the case.    It is therefore clear to our minds that the court should have allowed this showing to be made, and, if the facts were proved as established, should have sustained the defendant's challenge to the polls, and should have given to him a panel of jurors entirely free from any preconceived opinion as to the credibility of the witness against him.    The correctness of this view is so manifest, it seems to us, that citation of authority is hardly necessary to support it; but the principle here announced is strongly sustained by the Supreme Court in *Bryan* v. *State,* 124 *Ga.* 79 (52 S. E. 298), and in *Thompson* v. *State,* and *Wells* v. *State,* supra.    See also Brown *v.* State, 57 Miss. 424.    There is no merit in the other assignments of error.                              *Judgment reversed.*