## 1683. McKAY v. THE STATE.

A juror who has served upon the trial of a person jointly accused with the defendant, for the identical offense, involving the same transaction, and has consented to a verdict of guilty against that person, is incompetent to try the defendant, even though the juror states that he has formed no opinion as to the defendant's guilt, and that he can try the case impartially.

Accusation of disturbing divine worship, from city court of Dalton—Judge Longley.   December 16, 1908.

Argued March 9,—Decided July 31, 1909.

W. E. Mann, for plaintiff in error.

F. K. McCutchen, solicitor, Sam P. Maddox, contra.

RUSSELL, J.   McKay was accused of the offense of disturbing divine worship, and put upon trial in the city court of Dalton. He challenged the poll of the twelve jurors who had tried and convicted one Tom Hickman, jointly accused with the defendant of the identical offense.   The court allowed the solicitor-general to ask each of the jurors, on voir dire, if he had formed and expressed any opinion as to the guilt of the defendant.   Four of the jurors stated that they had, and eight of them stated that they had not.   The court discharged the four jurors and permitted the eight to serve; and to this ruling the defendant excepts.

In Roberts v. State, 4 Ga. App. 378 (61 S. E. 497), it was said by this court: "A juror should come to the consideration of a criminal case unaffected by any previous judgment or opinion, as to any material fact in the issue to be tried, relating to the parties, the subject-matter, or the credibility of the witnesses."   It appeared in that case that the State relied for conviction on a witness who had been the sole witness in other cases of the same kind at the same term of court; that the character of the witness had been impeached by evidence, and that, nevertheless, some of the jurors who were put upon the defendant had participated in verdicts of guilty against other persons where the evidence consisted solely of the testimony of this one witness.   That case recognizes that if the juror has formed an opinion as to the credibility of the only witness against the defendant, he would be disqualified.   In Turner v. State, 114 Ga. 421 (40 S. E. 308), it was held that where a challenge to the poll was made on the ground that the challenged jurors

had served on the jury which convicted another person charged with the same offense in a case involving the same transaction, the burden was on the defendant to show that the two cases did in fact involve the same transaction. The case contains a negative pregnant that if the defendant successfully carries this burden, the jurors would be disqualified. Likewise the case of *Wells* v. *State,* 102 *Ga.* 658 (29 S. E. 442), is a physical precedent for the proposition that a juror who has served on the trial of a person convicted of an offense growing out of the same transaction, and necessarily to some extent involving the same evidence, is incompetent to sit in the trial of another person for a like offense, growing out of the same transaction. See also *Lewis* v. *State,* 118 *Ga.* 803 (45 S. E. 602) ; *Almand* v. *County of Rockdale,* 78 *Ga.* 199; *Brown* v. *State,* 104 *Ga.* 736 (30 S. E. 951). And it is immaterial that the juror says, in response to a question by the court or the solicitor, that he has formed no opinion as to the defendant's guilt and can try the case impartially. 24 Cyc. 280, 301.

In the case at bar it plainly appears that the two offenses do involve the same transaction, inasmuch as the two defendants were jointly accused; and it further appears that the other defendant had been convicted. Jurors should go into the jury box entirely free from even a suspicion of having prejudged the defendant or formed any opinion upon his guilt; and where a juror has participated in a verdict of guilty against another person charged with the same offense, growing out of the same transaction, and necessarily to some extent depending upon the same evidence, he has, in some degree at least, prejudged the defendant. See *Jacobs* v. *State,* 1 *Ga. App.* 519 (57 S. E. 1063), wherein this court said: "It is the duty of a trial court to see that defendants in criminal cases are tried by a jury such that not even the suspicion of bias .(leaning) or prejudice (prejudgment) can attach to any member thereof." Unless the jury be absolutely impartial, the jury sys- tem becomes an "awkward instrument of justice," and the constitutional guarantee that "every person charged with an offense against the laws of this State . . shall have a public and speedy trial by an impartial jury" (Civil Code, §5702) is worthless.

*Judgment reversed.*