### 5523.　BULLARD *v*. THE STATE.

It was a good ground for challenge to a juror put upon the defendant in a prosecution for bastardy that the juror was a member of a jury which convicted the defendant of fornication with the mother of the child in question on evidence which would be presented on his trial for bastardy.

DECIDED APRIL 18, 1914.

Accusation of bastardy; from city court of Blackshear—Judge Mitchell.　January 8, 1914.

*Walter A. Milton,* for plaintiff in error.

*S. F. Memory, solicitor,* contra.

ROAN, J.　James Bullard was convicted on the charge of bastardy, and, his motion for a new trial being overruled, he brought the case to this court for review.　The only reversible error we have discovered in the record is that complained of in the ground which assigns error because the court failed to furnish the defendant with a panel of twenty-four competent jurors from which to select a jury of twelve to try the case.　Under the act creating the city court of Blackshear, the defendant has the right to demand a trial by a jury of twelve, and this demand entitles him to a panel of twenty-four jurors from which to select a jury.　The defendant, having made his demand for a trial by a jury of twelve jurors, was furnished a panel of twenty-four jurors from which to select a jury; and on this panel of twenty-four appeared the names of O. L. Knox and W. F. Thompson.　The defendant challenged these two jurors on the ground that they were incompetent and disqualified, because on a previous trial of this defendant for the offense of fornication, alleged to have been committed with the prosecutrix in this case, these two jurors, along with others, returned a verdict finding him guilty of fornication with the prosecutrix, and by their verdict expressed an opinion as to the defendant's guilt in the present case; that upon the trial of the present case it would be necessary for them to consider testimony which they had already passed upon adversely to him, and which was essential to his defense in this case.　The defendant's objection to these jurors was overruled, and he was forced to strike from a panel containing their names.

When this challenge of the defendant was overruled we think he was deprived of one of his constitutional rights,—that of being tried by an impartial jury.　It is true the charge of bastardy is a

different charge from that of fornication; but in order for the defendant to be convicted of bastardy, it was necessary for the jury to arrive at the conclusion that he was the father of the bastard child to which the prosecutrix had recently given birth. These two jurors whose names were challenged had already found him guilty of the offense of fornication with this woman. It was necessary for the jury impaneled to try him for bastardy to find, among other things, the same fact,—that he had been guilty of fornication with this woman. The verdict in the fornication case, for which these two jurors were partly responsible, having established one of the necessary links in the bastardy case, they were clearly incompetent to pass on that question again, in the face of the defendant's challenge. The Supreme Court in the case of *Brown* v. *State,* 104 *Ga.* 736 (30 S. E. 951), held: "Where A. is indicted for selling his vote to B., and B. has been tried and convicted for purchasing such vote, a member of the jury that returned the verdict of guilty against B. is not a competent juror to try the issue on the indictment against A. It was therefore error, when a juror was put upon the court as a trior in this case, for the court to refuse, upon request of defendant's counsel, to investigate the question as to whether the juror was a member of the jury that returned such a verdict." In that case Chief Justice Simmons said: "Every person charged with an offense against the laws of this State is, under our constitution, entitled, on demand, to be tried by an impartial jury. When, in a misdemeanor case, a good ground of disqualification of a juror is suggested to the trial judge and the juror put upon him as a trior, it is his duty to investigate the matter; and this is true though the juror has qualified himself by answering the statutory questions." In *Lewis* v. *State,* 118 *Ga.* 803 (45 S. E. 602), it was held: "Where jurors are challenged on the ground that they do not stand indifferent between the State and the accused, because they have already served in a trial against others involved in the same transaction as that for which the accused is to be tried, the Penal Code [1895], § 757, makes it the duty of the county court judge to test their impartiality. This should be done by putting the jurors on their voir dire, and hearing evidence as to whether the case to be tried involves the same transaction as the one in which they have already rendered a verdict." Justice Lamar, in the opinion in that case, uses this lan-

guage: "That jurors should be impartial is of the very essence of a fair trial by jury. If they have already taken part in the trial of other persons implicated in the offense with which defendant is charged, they have almost necessarily received an impression either for or against him. When they are challenged because of the fact that they were jurors in the previous hearing, the judge of the county court is required by the Penal Code, § 757, to test their impartiality. The challenge of itself raised the issue, and it was error not to frame appropriate questions to be put them on their voir dire, and hear testimony as to whether the case under investigation involved matters on which they had previously passed." When some of the jurors included in the panel are not impartial, they can not properly be reached by a challenge to the array, but the challenge should be to the polls, as in this case; and on challenge to one or more jurors upon the ground that they were members of a jury on a previous trial involving the same transaction, the court should investigate the question; and if a juror be found incompetent, he should be set aside for cause and a competent juror be put in his place. See *Bryan* v. *State,* 124 *Ga.* 79 (52 S. E. 298); *Jacobs* v. *State,* 1 *Ga. App.* 519 (57 S. E. 1062); *McKay* v. *State,* 6 *Ga. App.* 527 (65 S. E. 306).

The defendant having been deprived of an important legal right when his challenge was overruled, the case must be sent back for a new trial.                                        *Judgment reversed.*