### 6180.  SMITH *v.* THE STATE.

BROYLES, J. 1. Jurors should come to the consideration of a case (especially when it is a criminal one) free from even a suspicion of prejudgment or fixed opinion upon any material fact in the issue to be tried,—as to the parties, the subject-matter, or the credibility of the witnesses. Upon a showing, made on a principal challenge for cause, that certain named jurors had served at the same term of the court on other juries, which had convicted other defendants of the same offense, in cases involving the same transaction, and where it appeared, from the testimony of State's counsel, that the intoxicating quality of the liquor alleged to have been sold by the accused would be established by the expert witness upon whose credibility the jurors challenged had already passed, it was error to overrule the challenge. And this is true although the challenged jurors qualified by their answers to the usual questions propounded. *Turner* v. *State,* 114 *Ga.* 421 (3), 424 (40 S. E. 308); *McKay* v. *State,* 6 *Ga. App.* 527, 528 (65 S. E. 306); 24 Cyc. 280, 301. See also *Bullard* v. *State,* 14 *Ga. App.* 478 (81 S. E. 369).

2. While the finding of the court, when sitting in lieu of common-law triors, as to the competency of jurors, is not subject to review, a challenge for principal cause being considered a question of law, the judgment of the trial court thereon may be reviewed. *Turner* v. *State,* supra; *Redfearn* v. *Thompson,* 10 *Ga. App.* 550 (4), 556 (73 S. E. 949).

3. Since, under the rulings in *Georgia Railroad* v. *Cole,* 73 *Ga.* 713 (2),

and *Smith* v. *State*, 2 *Ga. App.* 574 (59 S. E. 311), and cases therein cited, a verdict is void when some of the jurors who rendered it were disqualified to act, consideration of the remaining assignments of error is unnecessary.                                   *Judgment reversed.*

DECIDED MAY 5, 1915.

Indictment for sale of liquor; from city court of Valdosta—Judge Cranford. November 14, 1914.

*O. M. Smith,* for plaintiff in error.

*James M. Johnson, solicitor,* contra.