### 13262. HOWELL *v.* THE STATE.

BROYLES, C. J. 1. Upon the trial of one charged with using obscene, profane, and vulgar language in the presence of a female, a special plea in bar by the defendant that he was acquitted at a prior term of the court of the charge of being in an intoxicated condition upon a public street, or highway, " said drunkenness and intoxication being caused by the excessive use of wines, brews, liquors, and opiates, and was made manifest by boisterous and indecent condition and acting and by vulgar, profane, and unbecoming language and loud and violent discourse," and that both charges grew out of one and the same transaction, and that " he has already been placed in jeopardy," is without merit, and was properly stricken on motion of the State. Nor did the court err in overruling the ground of the amendment to the motion for a new trial which complained of such ruling. See, in this connection, *McIntosh* v. *State,* 116 *Ga.* 543 (42 S. E. 793), and citations.

2. A challenge to the polls must be made before the jury is sworn, unless

the cause of challenge be unknown until afterwards; and the burden of affirmatively showing this fact is upon the plaintiff in error. *Schnell* v. *State*, 92 *Ga.* 459 (2) (17 S. E. 966); *Wells* v. *State*, 102 *Ga.* 658, 659 (29 S. E. 442). Under the above ruling and the facts of the instant case, this court cannot hold that the trial judge erred in overruling the defendant's challenge to a certain juror upon the panel that tried him.

3. The several exceptions to excerpts from the charge of the court, when considered in connection with the charge as a whole, are without substantial merit.

4. The verdict was authorized by the evidence, and the court did not err in refusing the grant of a new trial.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*

DECIDED APRIL 14, 1922.

Conviction of misdemeanor; from city court of Blackshear — Judge Mitchell. December 27, 1921.

*James R. Thomas,* for plaintiff in error.

*S. Thomas Memory, solicitor,* contra.