### 15810.   GAMBLIN v. THE STATE.

The venue of a charge of receiving stolen goods knowing them to be stolen is the county where the goods are so received.

DECIDED NOVEMBER 12, 1924.

Conviction of receiving stolen goods; from Fulton superior court —Judge Howard. June 14, 1924.

The indictment contained two counts, the first of which charged larceny in Fulton county, Georgia, of a certain automobile, and the second that in that county the accused "did have and did receive and did buy" said automobile, "knowing that it had been stolen." The verdict was, "guilty on the second count."

W. J. Phillips, T. B. Higdon, for plaintiff in error.

John A. Boykin, solicitor-general, E. A. Stephens, Ralph H. Pharr, contra.

BLOODWORTH, J. (After stating the foregoing facts.) It is alleged in the motion for a new trial and argued in the brief of counsel that the venue was not proved; and for this reason a new trial is urged. Under the laws of Georgia, receiving stolen goods,

knowing them to have been stolen, is a distinct offense and punishable as such. In *Pat* v. *State,* 116 *Ga.* 93 (2) (42 S. E. 390), the Supreme Court said: "The gist of the offense of receiving stolen goods knowing them to have been stolen is the felonious knowledge that the goods were stolen; and to constitute the offense, the person receiving the goods must have this knowledge at the time of receiving them." The venue of such a case is the county in which the goods are received. In *Lycetle* v. *State,* 75 *Ga.* 257 (5), it was said: "The venue as to the defendant is .sufficiently laid and proved when it is shown that he received the stolen goods in Bibb county;" this being the county in which the indictment was found. See *O'Neal* v. *State,* 24 *Ga. App.* 160 (5) (99 S. E. 891). The evidence in this case does not show that the defendant received the stolen automobile in Fulton county, but by direct, affirmative, and uncontradicted evidence does show that the automobile was received by the accused in Dawson county, Georgia. "Where in a criminal case the evidence for the State is wholly negative in character, and is opposed by evidence for the defendant which is definite, positive, and unimpeached, and which clearly establishes the innocence of the accused, the negative testimony must yield to the positive evidence, and a verdict reached in disregard of this rule is contrary to law. Where the testimony of witnesses who testified positively may be true without it being necessary to reject any of the negative testimony as untrue, and the testimony can be harmonized without discrediting any witness, it is the duty of the jury to prefer the positive testimony. Penal Code, § 985 [now § 1011]; Civil Code, § 5165 [now § 5751.]" *Jacobs* v. *State,* 1 *Ga. App.* 519 (1) (57 S. E. 1063). "The constitution of this State requires that all criminal cases shall be tried in the county in which the crime is committed, and the venue must be proved beyond a reasonable doubt. *Murphy* v. *State,* 121 *Ga.* 142 (48 S. E. 909); *Cooper* v. *State,* 106 *Ga.* 119 (32 S. E. 23); *Smith* v. *State,* 2 *Ga. App.* 413 (58 S. E. 549). . . In this case the question as to failure to prove venue is specifically raised in the motion for a new trial, as provided by the act of 1911 (Acts 1911, p. 150), and is argued in the brief of counsel for the plaintiff in error; and there being in the brief of evidence no proof of venue, this court must hold that the trial judge erred in overruling the motion for a new trial. It is unnecessary to pass upon the other assignments of error. *Moye* v. *State,* 65 *Ga.* 754;

*Wade* v. *State,* 11 *Ga. App.* 411 (75 S. E. 494)." *Dennis* v. *State,* 19 *Ga. App.* 446 (1, 2) (91 S. E. 783).

*Judgment reversed. Broyles, C. J., and Luke, J., concur.*