### 17093. NEWTON v. THE STATE.

1. Where on objection and investigation the trial judge decided that certain jurors named had served on a previous jury that had tried the accused on a charge involving the same transaction, and that they were incompetent to serve in the instant case, this court can not hold, as matter of law, that his judgment was error; although the challenged jurors were not propounded the regular questions on voir dire.

---

Criminal Law, 17 C. J. p. 177, n. 88; p. 238, n. 26.
Juries, 35 C. J. p. 300, n. 55; p. 312, n. 97; p. 324, n. 89, 91; p. 327, n. 38.

2. Nothing in the other special assignments of error requires a reversal of the judgment.

3. The evidence supported the verdict.

DECIDED JUNE 16, 1926.

Making intoxicating liquor; from Jenkins superior court— Judge Strange. December 8, 1925.

*R. Lee Moore,* for plaintiff in error.

*John C. Hollingsworth, solicitor-general,* contra.

PER CURIAM. 1.  A special ground of a motion for a new trial must be complete and understandable within itself. It must by and in itself show reversible error. When the jury in a criminal case is being selected, the accused is entitled to have put upon him all the jurors legally impaneled, unless on a principal challenge for cause it is made to appear that one or more of them could not pass upon the case with absolute fairness and impartiality. When this is made to appear to the trial judge, it is sufficient legal cause for him to set aside the incompetent jurors. "Jurors should come to the consideration of a case (especially when it is a criminal one) free from even a suspicion of prejudgment or fixed opinion upon any material fact in the issue to be tried,—as to the parties, the subject-matter, or the credibility of the witnesses." *Smith* v. *State,* 16 *Ga. App.* 299 (85 S. E. 207), and cit. When on a principal challenge for cause it was objected that certain named jurors were on a previous jury that had tried the same defendant on a charge involving *the same transaction* (a mistrial having been declared on the previous trial), and where the judge, after an investigation, decided that the named jurors had served on the previous jury and that the charges in the two cases *involved the same transaction,* and that the jurors were incompetent to serve in the instant case, this court can not hold, as a matter of law, that his judgment was error. And this is true although the challenged jurors were not propounded the regular voir dire questions. See *Smith* v. *State,* supra. The two special grounds relating to jurors fail to show that the same transaction was not involved. As to that and all other questions of fact relating to the qualifications of these jurors, the judge was the trior, and his decision was final.

2.  There is nothing in either of the other special grounds of the motion for a new trial that requires a reversal of the judgment.

3. There is sufficient evidence to support the verdict.

*Judgment affirmed. Broyles, C. J., and Luke and Bloodworth, JJ., concur.*