*D. W. Mitchell,* for plaintiff in error.
*John C. Mitchell, solicitor-general,* contra.

## 20809. EDWARDS *v.* GREINER.

BROYLES, C. J. 1. "Jurors should come to the consideration of a case . . . free from even a suspicion of prejudgment or fixed opinion upon any material fact in the issue to be tried,—as to the parties, the subject-matter, or the credibility of the witnesses. Upon a showing, made on a principal challenge for cause, that certain named jurors had served at the same term of the court on other juries, which had convicted other defendants of the same offense, in cases involving the same transaction, and where it appeared, from the testimony of the State's counsel, that the intoxicating quality of the liquor alleged to have been sold by the accused would be established by the expert witness upon whose credibility the jurors challenged had already passed, it was error to overrule the challenge. And this is true although the challenged jurors qualified by their answers to the usual questions propounded." *Smith* v. *State,* 16 *Ga. App.* 299 (1) (85 S. E. 207), and cit.

2. This was a widow's suit for damages for the homicide of her husband, it being alleged that the deceased was unlawfully shot to death by the defendant Edwards. It appears from the record that Edwards, at a previous term of the court, had been acquitted of the offense of murdering the plaintiff's husband, and that the suit for damages and the previous indictment and trial for murder were based upon the same transaction and facts. Under these circumstances and the ruling in the preceding paragraph, any person who sat as a juror in the murder case was disqualified from serving as a juror in the civil case. And this is true although a juror in the murder case may have qualified as a juror in the civil case by his answers to the questions propounded to him, and especially so when (as in this case) the conclusions stated in the answers of the juror were incredible. See, in this connection, *Patton* v. *State,* 117 *Ga.* 230 (5), 234 (43 S. E. 533). Under this ruling there is no merit in special grounds 4, 5, and 6 of the motion for a new trial.

3. Under the facts of the case the court did not err in allowing counsel for the plaintiff to open and conclude the argument before the jury.

4. The court did not err in refusing to allow the defense to prove the character and habits of the deceased husband of the plaintiff by unrelated specific acts. See, in this connection, *Andrews* v. *State,* 118 *Ga.* 1 (2) (43 S. E. 852); *Warrick* v. *State,* 125 *Ga.* 133 (6) (53 S. E. 1027). Under this ruling there is no merit in special grounds 8, 9, and 10 of the motion for a new trial.

5. The verdict was amply authorized by the evidence, and the refusal to grant a new trial was not error.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*

DECIDED NOVEMBER 11, 1930.

*W. F. Slater, P. M. Anderson,* for plaintiff in error.
*Oliver & Oliver, R. Lee Moore,* contra.