### 42689.   BOWENS v. THE STATE.

PANNELL, Judge.   1.   The defendant was tried and convicted of failing to yield the right of way pursuant to Paragraph (a) of Section 74 of the Uniform Act Regulating Traffic on Highways (Ga. L. 1953, Nov. Sess., pp. 556, 590; *Code Ann.* § 68-1652).   This paragraph reads as follows: "(a) The driver of a vehicle shall stop as required by this Act at the entrance to a through highway and shall yield the right of way to other vehicles which have entered the intersection from said through highway or which are approaching so closely on said through highway as to constitute an immediate hazard, *but said driver having so yielded may proceed and the drivers of all other vehicles approaching the intersection on said through highway shall yield the right of way to the vehicle so proceeding into or across the through highway.*"   The trial judge in charging this Code section paraphrased the underscored portion as follows: "but the said driver having so yielded may proceed, that is, of course, after the vehicle approaching has passed, that he may then proceed as the driver of any other vehicle on that highway."   In this the trial court erred.   The defendant was entitled to have the jury instructed properly as to the offense charged, and that after having stopped at the stop sign and yielded (as shown by his testimony) there was the duty on all other vehicles approaching the intersection not so close as to constitute an immediate hazard (his testimony would have authorized a finding that the other vehicle involved was not so close) to yield the right of way to the defendant when he

proceeded into the intersection. The court's instruction denied him this right and was error.

2. Other enumerations of error on the charge of the court do not disclose that objections were made as required by Section 17 of the Appellate Practice Act of 1965 as amended (Ga. L. 1965, pp. 18, 31; Ga. L. 1966, pp. 493, 498; *Code Ann.* § 70-207) and it not appearing that the alleged errors are so substantial and harmful as a matter of law as to require a reversal under Paragraph (c) of Section 17, these alleged errors will not be passed upon. *Nathan v. Duncan,* 113 Ga. App. 630, 631 (6) (149 SE2d 383); *Hollywood Bapt. Church of Rome v. State Hwy. Dept.,* 114 Ga. App. 98 (3) (150 SE2d 271); *Vogt v. Rice,* 114 Ga. App. 251 (2) (150 SE2d 691); *Franklin v. State,* 114 Ga. App. 304 (1) (151 SE2d 191); *Saint v. Ryan,* 114 Ga. App. 489 (151 SE2d 826).

3. "A principal challenge to the poll is based on alleged facts from which, if proved to be true, the juror is conclusively presumed to be incapacitated to serve. Thus, the question principally raised, is one of law and is to be decided by the court. Such decision is subject to review. A challenge to favor is based on circumstances raising a suspicion of the existence of actual bias in the mind of the juror for or against the party, as for undue influence, or prejudice, which essentially raised a question of fact that under the common law was decided by triors (not the court), whose decision was final and conclusive; but under our system the court is substituted for the triors and the court's decision on a challenge to favor is likewise final and conclusive 'as to the credibility of the proof.' *Costley v. State,* 19 Ga. 614 (2). See, in this connection, *Cobb v. Atlanta Coach Co.,* 46 Ga. App. 633 (168 SE 126); *Turner v. State* [114 Ga. 421, 423 (40 SE 308)]." *Mitchell v. State,* 69 Ga. App. 771, 777 (26 SE2d 663); *Jordan v. State,* 119 Ga. 443 (3) (46 SE 679).

4. While a "juror should come to the consideration of a criminal case unaffected by any previous judgment or opinion, as to any material fact in the issue to be tried, relating to the parties, the subject matter, or the credibility of the witnesses" (*Roberts v. State,* 4 Ga. App. 378 (1) (61 SE 497)), the matters referred to are matters as to the particular case, that is, the issue, the parties, the subject matter and the particular witnesses in the case to be tried. Id. (2). *Jacobs v. State,*

1 Ga. App. 519 (57 SE 1063); *McKay v. State*, 6 Ga. App. 527 (65 SE 306); *Bryan v. State*, 124 Ga. 79 (52 SE 298).
And where prospective jurors upon being questioned pursuant to *Code* § 59-705 testify that in their opinion a police officer would be more likely to tell the truth than a member of the Negro race, some of them basing this opinion upon their own experience in the locality, such opinion is not one relating to the matter at issue or the particular parties to the case or the particular witnesses and such jurors are not disqualified to serve in a case where a police officer and another witness testify to substantially the same facts for the State, and the defendant, a Negro, testifies under oath in his own behalf.

5. However, where a prospective juror testifies he would believe the particular police officer in the case, or any police officer, in preference to a Negro, the defendant being a Negro, such juror is disqualified and should be excused, as he has already passed upon the credibility of one of the witnesses to be used for the State and the failure to excuse the juror is particularly harmful where such police officer witness upon the trial contradicts the testimony of the defendant in a vital particular. The fact that such juror may have been qualified under the usual voir dire questions set forth in *Code* § 59-806 is not necessarily a sufficient test of his impartiality under these circumstances. *Roberts v. State*, 4 Ga. App. 378, 380, supra. Compare *Hicks v. State*, 126 Ga. 80, 83 (1) (54 SE 807). See also *Smith v. State*, 16 Ga. App. 299 (1) (85 SE 207); *Edwards v. Griner*, 42 Ga. App. 282 (1) (155 SE 789). While whether in spite of the juror's testimony that he could try the case based upon the evidence rather than his opinion such opinion is so fixed that he would still be disqualified for favor is generally a matter for the trior to decide (see *Williams v. State*, 177 Ga. 391 (4) (170 SE 281)), yet, where such juror states that he would retain this opinion through the trial unless the evidence should prove he was wrong as to his opinion, the trial court erred in failing to disqualify him for cause upon motion duly made by counsel for defendant. Whether there may have been other jurors so disqualified, we do not decide.

6. *Code* § 59-705 (Ga. L. 1951, pp. 214, 215) permits counsel to question prospective jurors "and in such examination the counsel for either party shall have the right to inquire of the

individual jurors examined touching any matter or thing which would illustrate any interest of the juror in the cause, including any opinion as to which party ought to prevail, the relationship or acquaintance of the juror with the parties or counsel therefor, any fact or circumstance indicating any inclination, leaning or bias which the juror might have respecting the subject-matter of the suit, or counsel or parties thereto, and religious, social and fraternal connections of the juror." Considerable latitude may be allowed counsel in questioning jurors under *Code* § 59-705; however, where a juror was asked generally what magazines he subscribed to, the trial judge did not abuse his discretion in confining the examination to particular magazines. *Hill v. State,* 221 Ga. 65 (8) (142 SE2d 909). Also the trial judge has authority to prohibit the jurors being asked such questions as would require them in effect to prejudge the case. *Atlanta Joint Terminals v. Knight,* 98 Ga. App. 482 (4) (106 SE2d 417, 79 ALR2d 539); *Jones v. Parrott,* 111 Ga. App. 750 (2) (143 SE2d 393); *Gunnin v. State,* 112 Ga. App. 720 (2) (146 SE2d 131); *Evans v. State,* 222 Ga. 392, 401 (150 SE2d 240).

7. Other questions in the case relating to the alleged error in failing to grant two motions for mistrial are not such as are likely to occur on the subsequent trial of the case and will not be decided in view of the reversal on other grounds.

8. The evidence was amply sufficient to authorize the verdict of guilty and there was no error in entering judgment on the verdict as against the defendant's contention that the evidence was not sufficient.

9. The judgment is reversed for the reasons given in Divisions 1 and 5 of the opinion.

*Judgment reversed. Bell, P. J., and Jordan, J., concur.*

SUBMITTED APRIL 4, 1967—DECIDED NOVEMBER 1, 1967.

*C. B. King,* for appellant.
*George R. Ellis, Jr., Solicitor Pro Tem.,* for appellee.