### 48483. REID v. THE STATE.

EBERHARDT, Presiding Judge. Mozelle Reid was convicted in Heard Superior Count of theft by taking and she appeals from the judgment and sentence. Errors enumerated are (1) denial of an individual voir dire examination of the jurors pursuant to the provisions of Code Ann. § 59-705 (Ga. L. 1949, p. 1082; Ga. L. 1951, p. 214), (2) denying defendant's motion for continuance, (3) admitting evidence of an out of court confession by the defendant, and the finding of its voluntariness by the court, (4) refusing to admit evidence as to reluctance of the owner of the store (where defendant was charged with having shoplifted goods) to prosecute, (5) allowing surplusage material on the accusation to go to the jury, and (6) the general grounds. *Held:*

1. At the opening of the trial and before the jury was selected counsel for the defendant requested that he be allowed to interrogate each individual juror on the panel concerning his bias, racial and otherwise, his prejudices, etc., as provided by Code Ann. § 59-705. The request was denied on the ground that the provisions of that Code section do not apply to misdemeanor cases.

(a) We disagree. The statute provides: *"In all criminal cases* both the State and the defendant shall have the right to an individual examination of each juror from which the jury is to be selected prior to interposing a challenge." This appears to be all-inclusive and thus applies to misdemeanor as well as felony cases. A denial of the right has been held to be error requiring a reversal in *Blount v. State,* 214 Ga. 433 (105 SE2d 304); *Ferguson v. State,* 218 Ga. 173 (126 SE2d 798); *Ladd v. State,* 228 Ga. 113 (184 SE2d 158); *Anthony v. State,* 112 Ga. App. 444 (145 SE2d 657); *Lane v. State,* 126 Ga. App. 375 (190 SE2d 576).

Of course these are felony cases, but it is our view that the all-inclusive language of the statute, as amended, makes them applicable to misdemeanor situations. Another indication of legislative intent that Code § 59-705, as amended by the Act of

1949 (Ga. L. 1949, p. 1082), applies to misdemeanors is found in Ga. L. 1956, p. 64, amending Code § 59-720, wherein it is recited that the Act of 1949 is "applicable to all cases." See Code Ann. § 59-720. In reaching this conclusion we have not overlooked Code § 59-707, which refers particularly to juries in misdemeanor cases, as will appear infra.

The right may be waived by a failure to exercise it. *Anthony v. State,* 112 Ga. App. 444 (1), supra; *Kellam v. State,* 17 Ga. App. 401 (2) (87 SE 158), and cits. And the court may require counsel to limit the interrogation to matters dealing directly with the specific case to be tried. *Hill v. State,* 221 Ga. 65 (8) (142 SE2d 909). But there is a vast difference between limiting the interrogation and denying it.

It is true that prior to the amendment of Code § 59-705 by the Acts of 1949 and 1951 it had been held that the right to put the jurors on their voir dire did not apply in misdemeanor cases, unless there was a challenge to the poll before the jurors were sworn. *Schnell v. State,* 92 Ga. 459 (2) (17 SE 966); *Wells v. State,* 102 Ga. 658 (29 SE 442); *Crew v. State,* 113 Ga. 645 (38 SE 941); *Jacobs v. State,* 1 Ga. App. 519 (3) (57 SE 1063); *Cook v. State,* 22 Ga. App. 770 (5) (97 SE 264); *Howell v. State,* 28 Ga. App. 501 (2) (111 SE 676); *Hagans v. State,* 77 Ga. App. 513, 514 (48 SE2d 700); *Loomis v. State,* 78 Ga. App. 336, 355 (51 SE2d 33). But a reading of the statute clearly demonstrates that the holdings in these and other similar cases must yield to it.

It is error to deny the statutory right in misdemeanor cases as well as in felonies.

(b) Moreover, it appears that the defendant is a black woman, and her counsel expressly sought to interrogate the jurors concerning their racial bias or prejudice. It was recently held that a refusal to allow such interrogation of the jurors is a denial of due process, and that essential demands of fairness require that it be done as a part of the guaranty of a trial by a fair and impartial jury. Ham v. South Carolina, 409 U. S. 524 (93 SC 848, 35 LE2d 46).

2. The state tendered proof of an out of court confession by the defendant made to the sheriff. The jury was retired and a hearing was held on the matter of whether it had been made voluntarily. The sheriff testified that after the defendant had been arrested and while in his office he informed her of her constitutional rights, as required by the holding in Miranda v. Arizona, 384 U. S. 436 (86 SC 1602, 16 LE2d 694, 10 ALR3d 974), that he offered her no hope of reward and did nothing to place her in fear.

Thereafter she made a statement to him.

The defendant testified, denying that she had been informed of her constitutional rights, except that she could have a lawyer, and denied that she had made any statement to the sheriff.

The judge found that she had been advised of her rights, that she had made a statement and that it had been freely and voluntarily made, and that the evidence tendered as to the statement was admissible.

At this point counsel for the defendant moved for a continuance for the purpose of obtaining unnamed witnesses on the question of voluntariness, and for an opportunity to prepare a motion to suppress the evidence. There was no statement as to who the witnesses were and what they would testify if produced. See *Mulcay v. Mulcay,* 223 Ga. 309 (2) (154 SE2d 607). It does not appear that they had been subpoenaed to appear.

The court denied the motion for continuance, but stated to counsel that he might reduce to writing the motion to suppress "at a later time and file it as of right now." None appears in the record. Further, motions to suppress apply to tangible property seized during an illegal search, and not to testimony of witnesses. Code Ann. § 27-313; *Norrell v. State,* 116 Ga. App. 479, 488 (157 SE2d 784); *Baker v. State,* 230 Ga. 741 (1); *Reid v. State,* 129 Ga. App. 660 (2), post. We find no error in the denial of the continuance. Code § 27-415; *Parrish v. State,* 125 Ga. App. 97 (186 SE2d 541). The oral motion to suppress was denied and we find no error.

3. The factual issue as to the voluntariness of the confession by the defendant to the sheriff that she had taken meats from the Piggly-Wiggly store, as charged in the accusation, was resolved by the trial judge, and his finding is supported in the record. There was no error in its admission.

4. There was no error in repelling evidence as to reluctance of the owner of the store to prosecute. *Williams v. State,* 126 Ga. App. 302 (1) (190 SE2d 807).

5. Other enumerations of error, not argued or supported by citations of law in the brief, are deemed abandoned.

*Judgment reversed for the reason stated in Division 1. Pannell and Stolz, JJ., concur.*

ARGUED SEPTEMBER 4, 1973 — DECIDED SEPTEMBER 17, 1973.

*Millard C. Farmer, Jr.,* for appellant.
*Eldridge W. Fleming, District Attorney,* for appellee.