SAMUEL H. MIMS, plaintiff in error, vs. THE STATE OF GEORGIA, defendant in error.

The evidence in this case was clearly insufficient to support the verdict, and the judgment is therefore reversed, and a new trial granted.

Vagrancy. Tried before Judge HARRELL. Early Superior Court. April Term, 1869.

Mims was tried for vagrancy. The evidence was as follows:

WILLIAM FLOYD testified: That he was sent to defendant's house to execute an attachment, levied on a lot of land, a cart and steers, cow and calf, household and kitchen furniture, some plantation tools, several bushels of peas and some syrup; that he found a piece of bacon, about six inches long and four or five inches thick, and nearly a bushel of corn, fifteen hogs and thirteen goats. He said he had not seen the defendant for a month or two, and did not know whether he had worked or had been idle.

Mr. WILLIAMS testified: That defendant was in the habit of bringing corn to his and Stewart's mill, always bringing sufficient, and more than sufficient, for his family's use, until within a month or so; that for the last month or two, he had not brought any corn, but his family had; that he had not seen much of him lately, and knew not whether he had been idle; he exchanged plowing with him last year.

GREEN testified: That he had not seen defendant for the last month or two; had not looked for him, and did not know that he had not been at work all the time.

It was admitted that the defendant was able to work. The jury found the defendant guilty.

Defendant's attorneys moved for a new trial, upon the grounds that the verdict was contrary to the evidence, and against the principles of equity and justice, etc.

T. K. APPLING, A. HOOD, for plaintiff in error.

S. WISE PARKER, Solicitor General, for the State.

BROWN, C. J.

We think there is no room for a doubt that the verdict in this case was wrong, and should have been set aside.

The evidence is clearly insufficient to support a conviction in a criminal case. Not a single witness proves the defendant to have been idle for the last month, or for any length of time. They swear that they had not seen much of him for the last month, and did not know whether he had been at work or not. Upon such evidence as this, any citizen who has remained at home, and attended closely to his business, without visiting his neighbors, may be convicted, if his neighbors have been engaged in like manner, as neither could swear that he had seen the other at work during the time they both remained at home.

Judging from the facts stated by the witnesses, the defendant had some property, and provided for his family, as well as many poor men are able to do.

Let the judgment be reversed.