## DANIEL v. THE STATE.

The evidence was not sufficient to warrant the verdict, and the trial judge erred in refusing to grant a new trial.

Argued May 21, — Decided June 5, 1900.

Indictment for vagrancy. Before Judge Hammond. City court of Griffin. March term, 1900.

*Thomas W. Thurman,* for plaintiff in error.
*Joseph D. Boyd, solicitor,* contra.

SIMMONS, C. J. In the city court of Griffin, Anthony Daniel was tried on a charge of vagrancy. The jury found him guilty of the offense, the trial judge refused to grant a new trial, and exception was taken to this ruling. The record shows that the indictment charged the accused with vagrancy on August 10, 1899. The evidence showed that, in the spring of that year, the accused cut and corded twenty-five cords of wood; that he "chopped" ten acres of cotton for one man at fifty cents an acre; hoed cotton for two days for another, and received therefor one dollar; and cut some wheat and oats for another, how much not being disclosed. The chopping of the cotton and the cutting of the grain must have been in May or June of the year 1899.

The evidence also disclosed that the accused was a fisherman and spent a good deal of his time in that occupation. Whether he sold the fish he caught or consumed them himself was not shown. It was shown that he did not work regularly, and that he was idle a considerable portion of his time. How long it took him to cut and cord the twenty-five cords of wood did not appear, nor how long it took him to chop the cotton or cut the grain. Taking the evidence in its entirety, we think it did not sustain the verdict finding the accused guilty of vagrancy. The law does not say how many days in a month or year a man shall devote to labor. The statute was enacted to prevent men, able to work, from idling and wandering about the community and becoming drones or thieves or charges upon the public. If a man is able to work but is idle and has no means of support, there is a great temptation to steal in order to relieve his hunger and supply his bodily necessities. It is to keep him from this temptation that the law commands him to work for his own support. According to the evidence in the present case, the accused must have been at work for several months prior to August, 1899, when he is charged with having been a vagrant, and must have earned a sufficiency for his support during that period. The accused in his statement claimed that he had always made his living by his labor, and detailed some of the persons for whom he had worked during the year. Taking the evidence as a whole, we think the verdict was not warranted, and the trial judge should have granted a new trial.

*Judgment reversed. All concurring, except Fish, J., absent.*