## HARTMAN *v.* THE STATE.

The evidence for the State was consistent with that for the accused, which made out a good defense ; and the verdict finding her guilty should have been set aside on motion for a new trial.

Submitted January 18,—Decided February 12, 1904.

Accusation of vagrancy.    Before Judge Willis.    City court of Columbus.   November 21, 1903.

*J. H. Lewis* and *A. W. Cozart*, for plaintiff in error.
*Peter Preer, solicitor*, contra.

CANDLER, J.    Angelina Hartman was convicted in the city court of Columbus, under an accusation charging her with vagrancy.    The date named in the accusation was September 7, 1903, and three counts were laid, as follows : (1) that she led on

idle, immoral, and profligate life, being able to work, and not working, and having no property to support her; (2) that she had no visible and known means of a fair, honest, and reputable livelihood, being able to work and having no property to support her; and (3) that, having a fixed abode and no visible property to support her, she lived by stealing and by trading and bartering stolen property. There was no evidence whatever to sustain the last count, and it will be treated as having been abandoned by the State. Briefly stated, the material evidence introduced on the trial was as follows: The prosecutor testified that he saw the accused several times during every afternoon from the first to the seventh of September, 1903, and that whenever he saw her she was doing no work at all. He added, however, that he had no positive recollection of having seen her on the first, second, or third of September. He testified that she was a lewd woman; that she hung around saloons, and that he had seen her drinking beer in grocery stores. Of his own knowledge he could not say whether the accused had any property to support her or not, but she had no visible and known means of a fair, honest, and reputable livelihood that he knew of. Another witness testified that the house in which the accused lived had the reputation of being a lewd house; that she had seen men and women going into it at all hours of the day; and that it was the worst house she ever saw. Witness had seen her do some work, but since August 17, 1903 (the date of the approval of the Calvin amendment to the vagrancy law of this State), she had not done enough work to support her. This constituted the State's case. The accused proved by witnesses, who were not impeached or contradicted, that from July 17, 1903, up to the date of her arrest, she had been employed as a cook, receiving for her services seventy-five cents per week and board for herself and her two children, and that between August 17, 1903, and September 7, 1903, she had also worked as a washerwoman.

What is known as the Calvin act (Acts 1903, p. 46) is merely an amendment to the vagrancy laws of this State, as they existed at the time of its passage, enlarging the definition of the term "vagrant," and prescribing a new method of apprehending and punishing such persons as come within its provisions. It will be observed that under both the old law and the amendment the

gist of the offense of vagrancy is the failure or refusal of the offender to work when work is necessary to support himself or his family. As was said of the old law in *Daniel* v. *State*, 110 *Ga.* 916, so it may be said of the amendment: "The statute was enacted to prevent men, able to work, from idling and wandering about the community, and becoming drones or thieves or charges upon the public." Keeping a lewd house, drunkenness, and kindred vices, such as were proved against the accused in the court below, are made penal by other statutes covering each. It must be borne in mind that the accused was not tried under any such law; and that to authorize her conviction on the charge of vagrancy, proof of immoral conduct alone will not suffice. It must appear that, having no visible and known means of a fair, honest, and reputable livelihood, and being able to support herself by means of her own labor, she failed to work, lived in idleness, and was, or threatened to become, a drone or a charge on the public. The evidence in this case fails to come within this rule. That introduced by the State was entirely consistent with that offered by the accused, which established the fact that the accused worked sufficiently to earn a support, however meager, for herself and her children. The conviction was therefore unwarranted by the evidence, and should have been set aside on motion for a new trial.

*Judgment reversed. All the Justices concur, except Simmons, C. J., absent.*