### 816. LEWIS *v.* THE STATE.

The evidence is wholly insufficient to support the verdict, and the trial court erred in refusing to grant a new trial.

Accusation of vagrancy, from city court of Americus—Judge Crisp. October 10, 1907.

Submitted December 9,—Decided December 20, 1907.

*Howell B. Simmons, E. A. Nisbet,* for plaintiff in error.

*Zach Childers, solicitor,* contra.

HILL, C. J. Enoch Lewis was convicted in the city court of Americus, on an accusation charging him with vagrancy. The accusation contains in one count three classes of vagrancy, as defined by the 1st, 2d, and 3d sections of the act of 1905 (Ga. Laws, 1905, p. 109). The evidence in the case is applicable to only the 1st and 3d classes of vagrants as described by the act: 1st. "Persons wandering or strolling about in idleness, who are able to work, and have no property to support them." 3d. "All persons able to

work, having no property to support them, and who have no visible or known means of a fair, honest, and reputable livelihood."

The act of 1905 is the re-enactment of what is known as the "Calvin act of 1903" with an unimportant amendment (Acts of 1903, p. 46). This act enlarges somewhat the meaning of the term "vagrant." It declares that "visible or known means of a fair, honest, and reputable livelihood" shall be construed to mean "reasonably continuous employment at some lawful occupation for reasonable compensation." In *Hartman* v. *State,* 119 *Ga.* 427 (46 S. E. 628), Mr. Justice Candler states that both under the old law and the amendment "the gist of the offense of vagrancy is the failure or the refusal of the offender to work when work is necessary to support himself or his family." And it may be said of the law generally, in the language of Mr. Chief Justice Simmons in *Daniel* v. *State,* 110 *Ga.* 916 (36 S. E. 293), that "the statute was enacted to prevent men, able to work, from idling and wandering about the community, and becoming drones or thieves or charges upon the public." Now what would be "reasonably continuous employment" is difficult to determine. Keeping in mind the mischief to be remedied and the purpose of the law, we think any work or labor which is sufficient to furnish the means of livelihood to the laborer, if he has no family, as in this case, and to prevent him from wandering about in idleness, would be "reasonably continuous employment" as defined by the statute. The public is not concerned in the length of labor or the proceeds of labor. Its only object is to protect itself from the idler and the results of idleness. The solicitous inquiry of society, which the penal statute requires to be answered, is that of the Master of the vineyard, "Why stand ye here all the day idle?"

The only question made by this record is, does the evidence prove the charge of vagrancy? The accusation was filed September 5, 1907, and the proof of the labor performed by the accused during the year prior to the date of the accusation may be summarized as follows: During January and February, he helped build a house, and composted the ground of a neighboring farmer. In March and April he worked for 12 or 14 days as a carpenter, for which he was paid $1 a day. In May he hoed cotton and cut oats for another farmer. In June and July he cut 14 cords of wood and got out stock for a sawmill, for which he was paid from $10 to $15. The

evidence does not show that he was paid for all his work, but it does show that he was paid at the rate of $5 per month for the eight months just prior to his arrest. One witness for the State testified, that while he lived near him he "worked all the time;" and the only time he saw him after he moved away, he was standing on the roadside, "with a hoe on his shoulder." According to this witness, instead of being an idler, he really was a type of labor, "The man with the hoe." The defendant stated that he worked constantly; giving the names of the persons for whom he worked. In *Daniel* v. *State,* supra, on facts showing the amount of work performed by the accused during the year, much less than that disclosed by the facts in the present case, the Supreme Court held that the verdict was not warranted by the evidence; and in *Hartman* v. *State,* supra, a verdict against the alleged vagrant, when the labor was not as continuous, as hard, or as remunerative as here, was set aside as not supported by the facts. In this case the accused was without family, and his wants were probably few. He probably did not live in much luxury, but he lived without begging, and had a pig and a gun, and lived in a house. The witnesses declare that he was an ardent disciple of Isaac Walton, and was constantly seen going towards the river with his fishing pole on his shoulder, but that he was never seen with any fish.

We are sure that the evidence is entirely insufficient to establish the charge of vagrancy. Doubtless on much stronger evidence a large portion of the population of our towns and cities could be declared vagrants. The community where this defendant was convicted must be exceptionally industrious, or has a very high standard of labor. The evidence shows that the defendant did some considerable work during every month prior to his arrest, and that his only relaxation from too constant toil in working crops, cutting and cording wood, and building houses was in "plying his finest art, to lure from dark haunts, beneath the tangled roots of pendant trees," the alert and wary denizens of the river. Surely it will not be said that while thus engaged he was idling. If he was not successful, all the greater proof of his patient and hopeful labor. The individual members of this court know that fishing is far from idleness, and the court is unwilling to give its judicial approval to a verdict which even remotely so indicates.        *Judgment reversed.*