870.   HAWKS *v.* THE STATE.

871.   HARRIS *r.* THE STATE.

RUSSELL, J. 1. On the trial of one accused of vagrancy, it is error to instruct the jury that "a person may become a vagrant in a very short while,—in fact, in a few days,—provided he is able to work and does not work, and has no property to support himself, and wanders about in idleness; for the law does not contemplate that under such circumstances a person may work one or two days in a week and then loaf around the remainder of the week." This instruction is erroneous: (*a*) Because the length of time in which a person may become a vagrant is immaterial, the question before the jury not being how long it might take one to become a vagrant, but whether in fact the defendant has become and is a vagrant. (*b*) Because the fact that one may work one or two days in a week and then remain idle the remainder of the week would not constitute one a vagrant, although he might be able to work and have no property to support himself, provided his earnings for the proportion of time he might labor were in fact sufficient to support him and furnish him an honest livelihood. *Lewis* v. *State, 3 Ga. App.* 322 (59 S. E. 933).

.2. The evidence in behalf of the State, being wholly negative in its character, is, in view of the testimony in behalf of the defendant, insufficient to authorize a conviction. *Jacobs* v. *State,* 1 *Ga. App.* 519 (57 S. E. 1063). That a defendant who is required to attend a city court where a charge is pending against him is not seen at other labor during that time is not material to the charge of vagrancy.

*Judgment reversed.*

Indictments for vagrancy, from Floyd superior court—Judge Wright. November 13, 1907.

Submitted January 13,—Decided January 27, 1908.

*George A. H. Harris & Son,* for plaintiffs in error.

*W. H. Ennis, solicitor-general,* contra.