## 1566. LEONARD v. THE STATE.

RUSSELL, J. The circumstantial evidence introduced by the prosecution was purely negative in its character, and the inference of the defendant's guilt, which might have arisen from this negative testimony, was so rebutted by positive proof, not inconsistent therewith, that he had earned and had received a sufficient amount of money to maintain himself, that the verdict finding him guilty of vagrancy was not authorized by law, and a new trial should have been granted. Though numerous witnesses, whose testimony is uncontradicted, testified, that they had not seen the defendant work, that he had no visible means of support, and that he was always loafing in idleness when they saw him (and all of these witnesses saw him frequently), this evidence, though true, must yield, in a prosecution for vagrancy, to positive evidence, not necessarily in conflict therewith, and equally uncontradicted, that the defendant had earned and had been paid an amount of money sufficient to maintain him honestly, though only in a meager style, even though he were capable of earning much more. Our statute as to vagrancy is intended to enforce *honest* and reputable living, but it does not tend to luxury, nor compel any one to earn more than his necessities require. The case is controlled by *Jacobs* v. *State*, 1 *Ga. App.* 519 (57 S. E. 1063); *Lewis* v. *State*, 3 *Ga. App.* 322 (59 S. E. 933); *Miller* v. *State*, 4 *Ga. App.* 392 (61 S. E. 494).       *Judgment reversed.*

Indictment for vagrancy, from Talbot superior court—Judge Gilbert. November 2, 1908.

Submitted January 13,—Decided January 27, 1909.

*McGehee & McGehee, J. J. Bull,* for plaintiff in error.

*George C. Palmer, solicitor-general,* contra.

---

### 1572. BRADFORD v. THE STATE.

POWELL, J. A conviction of the offense of having intoxicating liquors at a place of worship will not be set aside on the ground that it rests upon an uncorroborated confession alone, or on the ground that the corpus delicti is not shown by aliunde proof, where it appears that the defendant had at a church a bottle containing a liquid which resembled whisky, and which he said was whisky, and that persons coming near him detected the smell of whisky.       *Judgment affirmed.*

Accusation of misdemeanor, from city court of Elberton—Judge Proffitt. November 21, 1908.

Submitted January 13,—Decided January 27, 1909.

*C. P. Harris,* for plaintiff in error.

*Thomas J. Brown, solicitor.* contra.