## 6953.   ELDERS *v.* THE STATE.

A verdict finding one guilty of vagrancy is unsupported when there is no proof that the accused was able to work, and where it is not shown that he did not have means ample for his support.

DECIDED MARCH 24, 1916.

Indictment for vagrancy; from Taliaferro superior court—Judge Walker. September 21, 1915.

*L. A. Burton, J. A. Beazley,* for plaintiff in error.

*R. C. Norman, solicitor-general,* contra.

RUSSELL, C. J. The accused was charged with the offense of vagrancy. The presentment alleged in distinct counts that the defendant led an idle, immoral, and profligate life, having no property to support him, being able to work, and failing and refusing to work; that he wandered and strolled about in idleness, and had no visible or known means of a fair, honest, and reputable liveli-

hood; and that he was an able-bodied person, found begging for a
living, and had quit his house and left his wife and children with-
out means of subsistence. Without reciting all the counts of the
accusation, it is sufficient to say that each of the counts
charged that he was able to work and had no property to support
him, and no "visible means of a fair, honest, and reputable liveli-
hood." Penal Code, § 449. There was no proof that the accused
was more than sixteen years of age, but, assuming that he had
passed that age, there was absolutely no testimony to the effect
that he was able to work, and none that he was in such financial
condition as that he was obliged to work to obtain the means of a
fair, honest, and reputable livelihood. The State did not prove
that the defendant had not worked. Three witnesses testified to
facts which indicated that they did not know of his having worked,
but none of them testified that he did not actually work, or to such
a state of facts as compelled an inference to that effect. One of the
witnesses for the prosecution testified that the defendant worked
with him, "and was a pretty good hand," from the first of Jan-
uary to the 18th of June, and that he paid all he owed the accused,
although the accused left the witness some time before his time
was up. This witness did not testify that the accused spent his
wages and did not save them, and might not have had money
sufficient for his needs between the 18th of June and the date in
the following month of July, when he was arrested as a vagrant.
The other two witnesses for the State merely testified to the fact
that they did not see the accused at work. It seems that he had
gotten his shoulder out of place a short time before he was ar-
rested, but several witnesses testified to having employed him for
two or more days at a time, and that they paid him for these
services at the customary rate. The case falls under the ruling of
the Supreme Court in *Mims* v. *State,* 38 *Ga.* 574, and under the
rulings of this court in *Jacobs* v. *State,* 1 *Ga. App.* 519 (57 S. E.
1063), and *Lewis* v. *State,* 3 *Ga. App.* 322 (59 S. E. 933), and
cases therein cited.

The learned trial judge erred in overruling the motion for a new
trial.                                               *Judgment reversed.*