### 10234.   RANDALL *v.* THE STATE.

The evidence being insufficient to support the verdict of guilty, the trial judge erred in overruling the motion for new trial.

DECIDED APRIL 12, 1919.

Conviction of vagrancy; from Glascock superior court—Judge Walker.   October 25, 1918.

*J. C. Newsome,* for plaintiff in error.

*R. C. Norman, solicitor-general,* contra.

STEPHENS, J.   Aaron Randall was convicted in the superior court of Glascock county under an indictment charging vagrancy. The date named in the indictment was August 15, 1918.   The indictment contained several counts; the jury found the defendant guilty only on the second count, which specifically charged the defendant with the offense of vagrancy, for that he did on the date and in the county named lead an idle, immoral, profligate life, having no property to support him and being able to work, and failing and refusing to work, did not work, etc.

The evidence on behalf of the State showed, briefly, that during the year 1917 the defendant had made a good crop,—some thirteen bales of cotton and 150 bushels of corn, and, after paying his debts, had money sufficient to purchase an automobile, fifty dollars in cash, and some corn.   Sometime after October, 1917, he moved from Glascock county to Jefferson county, and there remained until sometime in May, 1918, when he returned to his father's house in Glascock county, where he remained for two or three weeks, during which time, the State's witnesses testified, they did not see him do any work, although he might have worked.   He was arrested at his father's house and carried back to Jefferson county, and there remained until sometime in July, 1918, when he again returned

to Glascock county, where he was afterwards prosecuted for this offense. Evidence on behalf of the defendant, which was uncontradicted in any particular, showed that after he moved back to Glascock county, in July, he went to work for a Mr. Coxwell and worked continuously during that month, except two or three days. There was further positive evidence on behalf of the defendant showing that he did work the greater part of the time when he was in Glascock county. His employer, Mr. Coxwell, testified positively to this. This case falls squarely under the rulings laid down in the cases of *Hartman* v. *State,* 119 *Ga.* 427 (46 S. E. 628), and *Elders* v. *State,* 17 *Ga. App.* 742 (88 S. E. 414).

The learned trial judge erred in overruling the motion for a new trial.

*Judgment reversed. Broyles, P. J., and Bloodworth, J., concur.*