### 11556. ARWOOD v. THE STATE.

BROYLES, C. J. The evidence, while weak, authorized the defendant's conviction of the offense of vagrancy, and, the finding of the jury having been approved by the trial judge, this court is without authority to interfere.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*

DECIDED JULY 14, 1920.

Indictment for vagrancy; from Whitfield superior court — Judge Tarver. April 30, 1920.

A witness testified: "I am chief of police of Dalton, in Whitfield county, Georgia. The defendant lives in Dalton and has lived here for several years. She is 25 years, or more, of age. She is a woman of lewd reputation. I have never known her to do any work. She is addicted to the use of morphine, and has been treated for the dope habit by the county physician since she was placed in jail. I do not know how she lives. She has been staying with her mother, who is very poor and unable to support her. I arrested her upon the complaint of her mother. She is physically able to work. She has no property that I know about." The clerk of the court testified: "The defendant was in my office not long ago. . . While there she used a great deal of vulgar and profane language. Among other things she said she had been out 'last night with a damned good man.'" It was also testified that she had been seen seated on church steps about 10 o'clock on a certain night, and that when the witness and another man offered to take her to her home she said that she did not need

any assistance, that she had sat down merely to take off her shoes to rest her feet.    The defendant's statement at the trial was as follows: ",My mother had my brother arrested for using morphine, and after he had been in jail for five days I came down and asked to be locked up to get off of the dope myself.   I got off of the dope while I was in jail, and do not want any more."

*William E. Mann, W. Gordon Mann,* for plaintiff in error, cited: 17 *Ga. App.* 742; 119 *Ga.* 427, and cit.

*Joseph M. Lang, solicitor-general,* contra.