### JESS FARLEY V. THE STATE.

No. 6658. Decided February 8, 1922.

**1.—Vagrancy—Insufficiency of the Evidence.**

When the evidence of idleness constituting vagrancy is circumstantial and purely negative in its character, and the inference of guilt which might arise from such negative testimony is rebutted by positive testimony not

inconsistent therewith, that the accused has a source of income, from which he may reasonably appear to obtain enough to maintain himself, he should be acquitted.

**2.—Same—Presumption of Innocence—Rules Stated.**

This court indulges no presumption against one accused of crime, but the contrary rule prevails, and every reasonable presumption is in his favor.

Appeal from the County Court of Williamson. Tried below before the Honorable F. D. Love.

Appeal from a conviction of vagrancy; penalty, a fine of $200.

The opinion states the case.

*W. C. Wofford,* for appellant.

*R. G. Storey,* Assistant Attorney General, and Dan Moody, County Attorney, for the State.

LATTIMORE, Judge. Appellant was convicted in the County Court of Williamson County of vagrancy as defined and set forth in subdivision (m) of Art. 634, Vernon's P. C.

The only question presented here is the sufficiency of the evidence to support the judgment. The State introduced the chief of police of the town of Taylor, the constable of that precinct, a service car driver, the proprietor of a cold drink stand, and two other witnesses, each of whom testified substantially that they had known appellant for some time, and that he lived in Taylor, and with the exception of selling some watermelons from a railroad car, none of said witnesses had seen appellant engaged in any occupation other than that of running a rooming house. The age of appellant is not testified to by any of said witnesses, each of whom describes him as a man of apparently good health and able-bodied. It was in testimony by two of said witnesses that appellant claimed to have asthma and heart trouble. One of the State witnesses testified that he roomed in appellant's rooming house and paid $15.00 per month for his room, and this witness said he had been out with appellant when he would have to stop from five to twenty minutes on account of his heart. It was shown without contradiction by the postmaster of the town of Taylor, who testified for appellant, that appellant had a roooming house in which he lived with his wife and in which there were ten or twelve rooms, which would rent for from $15.00 to $20.00 per month each. The service car driver testified that he frequently called at appellant's place for baggage belonging to his roomers. The various witnesses said they knew of no income that appellant had and no revenue that he derived from any other source except said rooming house. Each of them disclaim any knowledge as to how much income he might receive from said rooming house. We gather from a statement by Mr. Brunner, the postmaster, that appellant owned said house. In

reply to a question by the prosecuting attorney he said that he did not know how much appellant was having to pay on the purchase price of said house each month. In our opinion this evidence fails to meet the requirements of the law. It was in testimony by one of the State witnesses that for many years appellant made his living by gambling, although it is not shown that he had engaged in this occupation for some time prior to the institution of the instant prosecution. It was also shown that rooms were in demand in Taylor, and that the rooming house of appellant was favorably located near the main street of said town. We are of opinion that where it is shown without contradiction that one who is charged with vagrancy, to-wit: an able-bodied person who lives without labor and without visible means of support, owns a house of ten rooms in a good locality and under circumstances which support the reasonable inference that it is being run as a respectable boarding house, could not be convicted of such vagrancy upon the testimony of people who state that they see him around the streets a good deal and know of no physical labor that he engages in, and know of no other means of support which he has. If one has no rent to pay and no family save himself and his wife, his living may not cost a great deal and he may easily be able to support himself by the income from such a house if in fact, as seems easily supported by this record, his rooms be occupied and the income therefrom assured. When the evidence of idleness constituting vagrancy, is circumstantial and purely negative in its character, and the inference of guilt which might arise from such negative testimony, is rebutted by positive testimony not inconsistent therewith, that the accused has a source of income from which he may reasonably appear to obtain enough to maintain himself, he should be acquitted. Lewis v. State, 3 Ga. App. 322; Miller v. State, 4 Ga. App. 392; Leonard v. State, 5 Ga. App. 494; Brown v. State, 58 Southern Rep. 794; People v. Warren, 185 Ill. App. 341. We indulge no presumptions against one accused of crime. The contrary rule prevails and every reasonable presumption is in his favor. Employment for one whose labor must be physical, has not been too plentiful in recent periods. The vagrancy statutes are intended to enforce honest and reputable living; they do not tend to luxury, nor compel one to earn more than his necessities require.

Being unable to find support in this record for the judgment, same will be set aside and the cause remanded.

*Reversed and remanded.*