### 15538. MOONEY v. THE STATE.

The evidence was not sufficient to support a conviction of vagrancy.

DECIDED JUNE 10, 1924.

Accusation of vagrancy; from city court of Floyd county—Judge Bale. April 4, 1924.

C. E. Warren, a police officer of the City of Rome, testified in part as follows: Frank Mooney came back to Floyd county about six months ago. Prior to that time he had been in Alabama. When he came back to this county about six months ago he drove a taxicab for a few weeks for Charley Mendleshon, and for the last five months I have not seen him doing anything. I go along the street in front of Farrell Buffington's place every day, and I have not seen him at work in Farrell Buffington's place. I would say from my observation of the defendant, that he does not do enough work to make an honest living. He is an able-bodied man, and in my opinion about thirty years of age. He is a single man. He has no property of any kind from which he has an income. The record shows that several police officers "testified to practically the same state of facts as did C. E. Warren." Farrell Buffington swore that

the defendant, when he returned from Alabama, drove a taxicab for Charley Mendleshon, after which the witness hired him to work in a lunch-stand and to drive an automobile, that after beginning to work for the witness about "six months ago" he worked every week, with the exception of two weeks, when he made a trip to Alabama, and two days when he was ill, and that the witness paid him $12 per week for six months, except when he was absent as above stated; that when the defendant was arrested he was "taken off his job when he was sweeping up the lunch-stand and the sidewalk;" that it required two people besides the witness himself to look after his restaurant, and that his brother and the defendant alternated in serving his customers, that when his brother was at work in the restaurant the defendant was free to go where he pleased, and that the defendant worked from eight to ten hours every day. The evidence of Buffington was corroborated by other witnesses.

*Porter & Mebane,* for plaintiff in error, cited 3 *Ga. App.* 324; 5 Id. 494; 1 Id. 519 (1); 4 Id. 392; 23 Id. 10, 539; 110 *Ga.* 915; 119 Id. 428.

*James Maddox, solicitor,* contra.

BLOODWORTH, J. (After stating the foregoing facts.)

In *Leonard* v. *State,* 5 *Ga. App.* 494 (63 S. E. 530), Judge Russell said: "Though numerous witnesses, whose testimony is uncontradicted, testified that they had not seen the defendant work, that he had no visible means of support, and that he was always loafing in idleness when they saw him (and all of these witnesses saw him frequently), this evidence, though true, must yield, in a prosecution for vagrancy, to positive evidence, not necessarily in conflict therewith, and equally uncontradicted, that the defendant had earned and had been paid an amount of money sufficient to maintain him honestly, though only in a meager style, even though he were capable of earning much more." The ruling in that case is controlling in this, and the court erred in refusing a new trial. See *Daniel* v. *State,* 110 *Ga.* 915 (36 S. E. 393); *Randall* v. *State,* 23 *Ga. App.* 539 (99 S. E. 60).

*Judgment reversed. Broyles, C. J., and Luke, J., concur.*