### 15589.  BAUGH *v.* THE STATE.

The conviction of vagrancy was not authorized by the evidence.

DECIDED JULY 15, 1924.

Accusation of vagrancy; from city court of Floyd county—Judge Bale.  April 7, 1924.

Policemen and others testified that they had seen the defendant very often on the streets of Rome during "the last two months," sometimes walking, sometimes standing in crowds, and had never seen him at work, and knew of no property or income that he had, and did not know that he had any means of a fair, honest, and reputable livelihood, and that they knew of no physical defect or ailment that would prevent him from performing manual labor. The chief of police testified: "I know he has no property or income of any sort. He is sound physically and able to do manual labor. Most of the time I would see him around Davis' livery stable." A witness for the defendant testified: "I am a lock and gun smith and a mechanic by trade. . . Bob Baugh· (the defendant) has been working in my shop for the last two months, that is ever since January 1st of this year. For the first three weeks that he worked for me I paid him $10 per week, but since my business has increased and the season opened for putting up awnings I have made a trade with him whereby he can make more. I give him one-third of the profits on all the awning work, and pay him extra for any work he will do for me in the shop or other jobs that I may have. I owe him for extra work about $6. . . Bob Baugh ought to make from $15 to $25 per week at this business as his part." The witness testified that he had several orders for awnings to be put up as soon as the covers would arrive, and had ordered awnings for seven or eight jobs. Substantially the main facts stated by the last witness were repeated by the defendant in his statement at the trial, and he said: "I work when I can find it."

*W. J. Nunnally,* for plaintiff in error.

*James Maddox, solicitor,* contra.

BLOODWORTH, J. "The circumstantial evidence introduced by the prosecution was purely negative in its character, and the inference of the defendant's guilt, which might have arisen from this negative testimony, was so rebutted by positive proof, not inconsistent therewith, that he had earned and had received a sufficient amount of money to maintain himself, that the verdict finding him guilty of vagrancy was not authorized by law, and a new trial should have been granted." *Leonard* v. *State,* 5 *Ga. App.* 494 (63 S. E. 530). See *Jacobs* v. *State,* 1 *Ga. App.* 519 (57 S. E. 1063) ; *Mooney* v. *State, 32 Ga. App.* 448 (123 S. E. 734), and cases cited. Under the rulings in the foregoing cases, the court erred in overruling the motion for a new trial.

*Judgment reversed. Broyles, C. J., and Luke, J., concur.*