### 15809. RAY *v.* THE STATE.

LUKE, J. The conviction was without sufficient evidence to support it; and
for this reason it was error to overrule the motion for a new trial.
*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*

DECIDED NOVEMBER 12, 1924.

Accusation of vagrancy; from city court of Floyd county—Judge
Bale. July 7, 1924.

The accusation was filed in March and the trial was in June,
1924. Policemen and others testified, that they saw the defendant
almost every day, and had never seen him doing any work; that they
usually found him about a certain restaurant in company with men
who had the reputation of being bootleggers; that he had no prop-
erty or income that they knew anything about; that in their opinion
he was able to work; that his father-in-law, B. B. Edwards, operated
a little store, but they did not know whether the defendant worked
in it or had any interest in it or not; he might have property or an
interest in the store without their knowing of it. Two witnesses
testified that in May they went to the store mentioned above and it
was closed, and the defendant and his wife said that B. B. Edwards
had the key and they had nothing to do with it.

B. B. Edwards testified, that on October 1 of the preceding year
he sold to the defendant a half interest in his store, and, not being
able to give the store much time, sold the other half interest to him
on January 1, and the defendant and his wife were operating it
ever since, "until a short time ago when he decided to quit the
business and go into something else. He has been looking for a
job about a month, leaving the store in his wife's hands to work out,
though he assists his wife at certain hours of the day when his
services are needed." Certain salesmen for wholesale dealers testi-
fied that the defendant had been a regular customer of theirs since

January 1, making purchases and paying cash for them for the store mentioned above, which had previously been operated by his father-in-law. The defendant's statement at the trial repeated in substance what had been testified by Edwards, and he added that the business conducted by him at the store was "enough to afford a living and a little something more. And I felt that I could find a job that would pay me better, and would leave the store in the hands of my wife to run during the middle of the day and afternoons, but in the morning, when the business required it, I would be with her and look after the affairs of the store. I have been looking for a job for a month, but they are hard to find. I am not a vagrant. I work when I can find work. At the time I was arrested I was trying to find a job and was still operating my retail grocery store and making an honest living for my wife and myself."

W. J. Nunnally, for plaintiff in error, cited: Park's Penal Code, § 1011; 5 Ga. App. 494; 1 Ga. App. 519; 32 Ga. App. 448, 496.

James Maddox, solicitor, cited Penal Code, § 449.