### 16336. HAMMOND v. THE STATE.

BLOODWORTH, J. This case is controlled by the rulings in *Mooney* v. *State,* 32 *Ga. App.* 448 (123 S. E. 734), and *Baugh* v. *State,* 32 *Ga. App.* 496 (123 S. E. 923), in each of which this court held that the evidence was not sufficient to support the verdict.

          *Judgment reversed. Broyles, C. J., and Luke, J., concur.*

                  DECIDED APRIL 21, 1925.

Indictment for vagrancy; from Clarke superior court—Judge Fortson. February 28, 1925.

On January 8, 1925, under an indictment found at the January term, 1925, Asa Hammond was convicted of vagrancy. His motion for a new trial was overruled, and he excepted. At the trial a police officer of the City of Athens testified: "I see the defendant practically every day at some hour from noon until night

when I go in, on the streets, usually from the corner of College Avenue on up. . . I have seen him there every day that I have been there practically for the last year or two, though some days I would not get down there myself. I never saw him doing any work. I guess possibly for a year and a half he was engaged in a little store here. . . Since that time I have not seen him do any work. . . I think he is able to work, never having heard any complaints of his not being able to work. He is not crippled that I know of. . . When I saw him he was able to navigate. He rides in a Cadillac. . . He lives . . and has lived . . for the last two years at Kate O'Dwyer's, and the reputation of her house has been bad for the last forty years. . . I could not say what he was doing when I couldn't see him. I don't know whether he has any property or not. . . He has no income to my knowledge." The witness testified, and it was admitted, that the tax-books of the State and county "do not show any returns of property for the defendant." There was other testimony to the same effect. A policeman testified that the defendant was "on the streets all the time," "was just a loafer, and citizens had been complaining about it all the time;" that he saw the defendant with women and hugging and kissing a woman in a house that had the reputation of being a gambling, liquor-storage, and assignation house, and saw him a number of times at a pool-room. The defendant introduced in evidence a business license issued to him by the City of Athens for a pressing club on College Avenue for the period from October 1, 1924, to January 1, 1925; and Grover Deadwyler testified: "The defendant owns a pressing club on College Avenue which I have a working interest in. . . He had this business before I went there. We make from $7.50 a week apiece to $15. We have not come under $7.50 nor over $15 apiece over and above expenses, the business being heavier some weeks than others. . . I went there in October, about the first. . . I have a negro there that does the pressing, and I look after getting the clothes in and out. Hammond gets new customers and sends them in." The defendant introduced also a receipt dated "3/25, 1924," for special city tax of the City of Athens for pressing club, four months. Others testified as to the defendant's ownership of the pressing club, and as to paying him for pressing

clothes, and it was testified that he was in this business for about two years. The defendant, in his statement to the jury, said, that he bought the pressing club and always made a living out of it, and was still running it.

*Carlisle Cobb,* for plaintiff in error, cited: *Ga. App. Rep.,:* 1/519; 3/322; 4/392; 27/184.

*Henry H. West, solicitor-general,* cited: 119 *Ga.* 429 (3); 118. *Ga.* 784; 126 *Ga.* 570.