## 16754.  BRYANT *v.* THE STATE.

A conviction of vagrancy under section 449 of the Penal Code (1910) is
  unauthorized where there is no proof that the accused was able to work.
The evidence was not sufficient to warrant the verdict, and the trial judge
  erred in refusing to grant a new trial.

DECIDED NOVEMBER 11, 1925.

Conviction of vagrancy; from city court of LaGrange—Judge
Tuggle.  July 4, 1925.

*Harry M. Breed,* for plaintiff in error.

*L. L. Meadors, solicitor,* contra.

BLOODWORTH, J.  The accusation alleges that the accused did
"unlawfully lead an idle, immoral and profligate life, she, the said
Eula Bryant, having no property to support her, being able to work
but not working, and in that she did wander and stroll about in
idleness, she being able to work and having no property to support
her."  Though the accusation contained but one count, it charged a
violation of both the first and second paragraphs of section 449 of
the Penal Code of 1910.  In each of these an essential element of
the offense is that the person accused shall be able to work.  With-
out proof that the defendant is able to work a case is not made out.
Such proof is as necessary as to show under the first paragraph
of the section above named that the accused "wanders and strolls
about in idleness," or under the second that the accused "leads
an idle, immoral or profligate life."  In *Daniel* v. *State,* 110 *Ga.*
915 (36 S. E. 293), Chief Justice Simmons said (p. 916) : "The
statute was enacted to prevent men, able to work, from idling and
wandering about the community and becoming drones or thieves
or charges upon the public.  If a man is able to work but is idle
and has no means of support, there is a great temptation to steal
in order to relieve his hunger and supply his bodily necessities.
It is to keep him from this temptation that the law commands
him to work for his own support."  In *Elders* v. *State,* 17 *Ga. App.*
742 (88 S. E. 414), the headnote is as follows : "A verdict finding
one guilty of vagrancy is unsupported when there is no proof that
the accused was able to work, and where it is not shown that he
did not have means ample for his support."

The evidence is not sufficient to support the verdict, and the judgment must be

            *Reversed. Broyles, C. J., and Luke, J., concur.*