### 17526.   GLOVER *v*. THE STATE.

A conviction of vagrancy was not authorized by the evidence.

DECIDED NOVEMBER 9, 1926.

Vagrancy; from Laurens superior court—Judge Camp.   June 12, 1926.

Criminal Law, 16 C. J. p. 761, n. 25.
Vagrancy, 39 Cyc. p. 1112, n. 25, 26.

*G. C. Bidgood, J. A. Merritt, E. L. Stephens,* for plaintiff in error.

*Fred Kea, solicitor-general,* contra.

LUKE, J. The accused was charged with vagrancy and was convicted; and he excepts to the overruling of his motion for a new trial. The State introduced certain testimony relative to the defendant's transporting whisky and indulging in other immoral conduct. While this evidence was admissible and had probative value in showing whether or not the defendant was earning an honest livelihood, it is not sufficient within itself to prove the defendant guilty of the offense charged in the indictment. As stated in *Hartman* v. *State,* 119 *Ga.* 429 (46 S. E. 628), these offenses "are made penal by other statutes covering each. It must be borne in mind that the accused was not tried under any such law, and that to authorize her conviction on the charge of vagrancy, proof of immoral conduct alone will not suffice." No witness for the State swore that the defendant had not worked, the State's evidence being purely negative. Several witnesses for the defendant showed that he had worked some during the time he was alleged to be a vagrant. In fact the defendant proved that he had run a garage up to a few months before the finding of the indictment, and showed enough specific instances in which he had received pay for legitimate labor during the five months preceding the indictment, to support him, he being a single man. Besides these specific instances, there was some evidence that he had worked on cars for people whose names he did not know, and he had also sold his business. "The evidence in behalf of the State, being wholly negative in its character, is, in view of the testimony in behalf of the defendant, insufficient to authorize a conviction." *Hawks* v. *State,* 3 *Ga. App.* 447 (2) (60 S. E. 207). See also *Elders* v. *State,* 17 *Ga. App.* 743 (88 S. E. 414). It necessarily follows that the court erred in overruling the motion for a new trial.

*Judgment reversed. Broyles, C. J., concurs. Bloodworth, J., absent on account of illness.*