## 19527. RICHARDS *v.* THE STATE.

DECIDED APRIL 10, 1929.

*Hugh E. Combs,* for plaintiff in error.
*M. L. Felts, solicitor-general,* contra.

BLOODWORTH, J. The plaintiff in error was charged with vagrancy. The trial resulted in a conviction. A motion for a new trial was overruled, and he excepted. The part of the indictment necessary for a determination of the case is that the accused did "unlawfully wander and stroll about in idleness, being then and there able to work and having no property to support himself; and did then and there lead an idle, immoral and profligate life, having no property to support himself, and being then and there able to work and not working." There is no evidence to show that the accused led an "immoral and profligate life." Does the evidence support the other allegations of the indictment? We think not. In *Leonard* v. *State,* 5 *Ga. App.* 494 (63 S. E. 530), this court held: "Though numerous witnesses, whose testimony is uncontradicted, testified, that they had not seen the defendant work, that he had no visible means of support, and that he was always loafing in idleness when they saw him (and all of these witnesses saw him frequently), this evidence, though true, must yield, in a prosecution for vagrancy, to positive evidence, not necessarily in conflict therewith, and equally uncontradicted, that the defendant had earned and had been paid an amount of money sufficient to maintain him honestly, though only in a meagre style, even though he were capable of earning much more. Our statute as to vagrancy is intended to enforce honest and reputable living, but it does not tend to luxury, nor compel any one to earn more than his necessities require." In *Harlman* v. *State,* 119 *Ga.* 428, 429 (46 S. E. 628), Justice Candler said: "It will be observed that under both the old law and the amendment the gist of the offense of vagrancy is the failure or refusal of the offender to work when work is necessary to support himself or his family. As was said of the old law in *Daniel* v. *State,* 110 *Ga.* 916 [36 S. E. 393], so it may be said of the amendment: 'The statute was enacted to prevent men, able to work, from idling and wandering about the community, and becoming drones or thieves or charges upon the public.'"

While each of two witnesses in this case swore that he knew the accused and saw him frequently, and that he wandered and strolled about in idleness, and apparently was able to work, one of them swore that he worked a little for Mr. Reynolds during the year 1928; and the other witness, Mr. Reynolds, swore that he paid him $5 per week and his board; that he was "as good worker as

you ever saw if you could get him at it; he is a good hand;" and that he "tried to get him to work and he said that he was sick." In his statement at the trial the defendant said: "I want to tell you that I worked year before last with Mr. Kinsey, and last year for Mr. A. J. Newsome for $2 a day. I worked some for Mr. Reynolds up until I got sick, and when I worked I saved my money, and when I got sick I quit work, and before I went to work they picked me up for vagrancy." There was introduced in evidence an agreed statement of facts as follows: "The State admitted that the defendant worked for J. B. Kinsey every work day during the year 1926 for $1.50 per day, and that he worked for A. J. Newsome every work day during the year 1927 at $2 per day." Taking this statement as a basis for his calculation, counsel for plaintiff in error shows in his brief that the accused made approximately $1100 during the two years prior to the time he was taken sick and prior to the date he is alleged to have been a vagrant. A witness for the State swore: "Judging from his appearance it would not take a great deal to support him a week. If he were to work two or three days a week he would have enough to support himself." In *Hawks* v. *State,* 3 *Ga. App.* 447 (60 S. E. 207), Judge Russell, speaking for the court, said: "The fact that one may work one or two days in a week and then remain idle the remainder of the week would not constitute one a vagrant, although he might be able to work and have no property to support himself, provided his earnings for the proportion of time he might labor were in fact sufficient to support him and furnish him an honest livelihood." The date alleged in the indictment was April 15, 1928. The State, by its evidence, sought to fix that as the time that the accused was a vagrant. In the statement of the accused he said, "When I worked I saved my money," and there is no evidence in the record to contradict this. Under the evidence it "would not take a great deal to support him." If he made $1100 during 1926 and 1927, and saved his money, we are authorized to believe that on April 15, 1928, his savings were sufficient to support him, and that at that time he was not likely to become a charge upon the public. As was said in *Lewis* v. *State,* 3 *Ga. App.* 324 (59 S. E. 933), "We are sure that the evidence is entirely insufficient to establish the charge of vagrancy. Doubtless on much stronger evidence a large

portion of the population of our towns and cities could be declared vagrants."

*Judgment reversed. Broyles, C. J., and Luke, J., concur.*