## R. L. BASS V. THE STATE.

No. 15980.   Delivered May 31, 1933.
Appeal Reinstated June 21, 1933.
Rehearing Denied November 1, 1933.
Reported in 64 S. W. (2d) 146.

The opinion states the case.

*Adams & McAlister,* of Nacogdoches, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for burglary, punishment being three years in the penitentiary.

To effect his release pending appeal appellant, after adjournment of the term of court at which he was convicted, entered into bond under the provisions of article 818, C. C. P. The case was tried in Angelina county. The appeal bond, as it appears in the record, bears the certificate of the Tax Collector of Nacogdoches county as to the solvency of the sureties, and a certificate of the sheriff of Nacogdoches county that he would approve the bond if presented to him, but the bond does not bear the approval of the trial judge and the sheriff of Angelina county. The approval of both is required by article 818, C. C. P.

The appeal must be dismissed for insufficient bond. Appellant is granted 15 days from this date to file and have approved a new bond, if he desires to do so, and perfect the record by a showing that this has been done.

The appeal is dismissed.

*Dismissed.*

### ON MOTION TO REINSTATE THE APPEAL.

LATTIMORE, JUDGE.—Appellant attaches to his motion to reinstate this appeal a certified copy of the appeal bond showing that same did in fact bear the approval of the trial judge and sheriff of the county of the forum. The judgment of dismissal is set aside, the appeal is reinstated, and the case now considered upon its merits.

By the accomplice witnesses Claud Jones and Dock Means a complete case was made out of guilt on the part of this appellant, of the burglary of a bank at Huntington, and the taking of the money in the safe of said bank from the cashier, Mr. Ivy, in whom ownership was laid in the indictment. This is said for the purpose of making clear our holding that the error of the court in his charge on accomplice testimony,—adverted to hereafter,—was not such as to necessitate reversal.

By statute we are expressly forbidden to reverse cases for errors in the charge "unless the error appearing from the record was calculated to injure the rights of defendant." See article 666, C. C. P., 1925. What are "the rights of defendant,"

as applicable here? The court in his charge told the jury that they could not convict this appellant on the testimony of Jones and Means unless they believed same to be true, and that same "connected" appellant with the commission of the offense. In another place the jury were told that there must be other testimony corroborating said accomplices, and unless from all the testimony the jury believed defendant was guilty, they could not convict. Under the facts it was not strictly correct to tell the jury to convict upon testimony that only "connected" appellant with the crime, for he might have been connected as an accomplice, or as accessory, or in some other such way as to not make him a principal offender. Admitting such instructions to be erroneous, we must next decide, in view of the statute quoted, whether the testimony of Jones and Means went beyond merely "connecting" appellant with the crime charged, and whether same was such that if true would show him to be guilty of said offense. As stated above, same did show appellant to be a principal offender, actually personally present and participating in the burglary and theft of said money, hence the admitted error of the charge is not deemed reversible. In Watson v. State, 90 Texas Crim. Rep., 576, speaking through Judge Hawkins in a case on a charge much like the one in the instant case, we said, referring to the accomplice: "His testimony does more than connect appellant with the offense. It makes a complete case against accused of guilty participation in its commission, and the corroborative evidence tended to connect him with the commission." In such case the court held the error of the charge not to call for a reversal. This has been uniformly approved. Morse v. State, 106 Texas Crim. Rep., 522; Stovall v. State, 104 Texas Crim. Rep., 217; Spears v. State, 102 Texas Crim. Rep., 86; Henderson v. State, 97 Texas Crim. Rep., 253; Anderson v. State, 95 Texas Crim. Rep., 353; Walker v. State, 94 Texas Crim. Rep., 659; Newton v. State, 94 Texas Crim. Rep., 387; Elliott v. State, 92 Texas Crim. Rep., 572; Moore v. State, 91 Texas Crim. Rep., 101.

Appellant cites Baggett v. State, 144 S. W., 1136; Sealey v. State, 47 S. W. (2d) 295; Alsup v. State, 49 S. W. (2d) 749, and the opinion in Burns et al. v. State, handed down at a recent date, as supporting his proposition that the case should be reversed for the giving of the charge which we have been discussing. Examination of the authorities mentioned shows that the charge on accomplice testimony in each of those cases contained the expression, in reference to the accomplice testimony, that the jury must believe that "it tended to connect," instead of

that same did connect,—as used here. The expression used in said cases has been uniformly condemned.

Complaint is made that two jurors on their voir dire examination disclosed that they had some information of the fact that said bank had been burglarized, which later fact was in nowise disputed. Both disclaimed knowledge or information in any way as to who were the perpetrators. Each answered that he had no opinion as to the guilt or innocence of appellants such as would influence his decision. The bills presenting these complaints evidence no error.

Bill No. 3 reflects a rambling somewhat incoherent and disconnected statement of witness Claud Jones, all in reference to himself and his feelings and surroundings, and no mention being made of appellant, and, as we see it, capable of no injury to him, even if of no materiality.

Bill No. 4 complains of an answer given by the wife of appellant's co-defendant Conner, while she was being examined by state's counsel. No objection was made by appellant to the question asked,—which is not even set out in the bill. The answer of the witness was wholly negative and put nothing before the jury. We also observe that the existence of those matters stated as objections,—is not certified by the court.

Bill No. 5 sets out certain testimony of the same witness, to which objection was made that same was not in rebuttal; that the examination was as to something not elicited on direct examination; that same was a breach "of the privity of relation between confidentials." Nothing in this bill shows that the testimony was not in fact in rebuttal; nor that it was not as to matters about which witness had been directly examined; nor that it was trenching on privileged communications. Without some such showing we can not appraise the soundness of these objections.

Bill No. 6 presents exceptions to state witness Purvis stating that he had received advance knowledge that probably plans were being made to rob the bank; that he had that notice five or six weeks before the burglary; that he made three trips, two prior to the burglary, and that on the first trip in connection with this particular thing he was accompanied by * * * and Dock Means. This was objected to as hearsay, no part of the conspiracy, and as corroborating the accomplice by a wrongful act. We observe that there was not the slightest controversy over the fact that the bank was robbed, nor that Means had some connection with such robbery. We do not know the surroundings or connection of this testimony,—it is not stated in

the bill,—but there appears nothing in same in any way relating to appellant or his co-defendant Conner, or their connection with said burglary, and we are at a loss to see how any injury could have possibly resulted to appellant from the testimony.

Finding no error in the record for which reversal should be had, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—In his motion for rehearing the appellant contends that the charge on accomplice testimony required the reversal of the judgment under the law. The charge given to the jury reads as follows:

"The witnesses, Claud Jones and Dock Means, are accomplices, if any offense were committed, and you are instructed that you can not convict this defendant upon their testimony unless you first believe, beyond a reasonable doubt, that the testimony of said Claud Jones and Dock Means is true, and that it connects the defendant with the commission of the offense charged in the indictment, and unless you further believe, beyond a reasonable doubt, that there is other evidence in the case corroborative of the testimony of said Claud Jones and Dock Means, tending to connect the defendant with the commission of the offense charged in the indictment, and the corroboration must be by testimony other than that of an accomplice, and then from all the evidence, you must believe, beyond a reasonable doubt, that the defendant is guilty. If you do not so believe, or if you have a reasonable doubt as to any of the above elements, you will find the defendant not guilty."

The sufficiency of such a charge has been asserted by this court many times when passing upon facts closely analogous to those governing in the present appeal. Four persons were implicated in the commission of the offense, namely, Bass, Conner, Jones and Means. Jones and Means testified in great detail touching the commission of the offense and the preparation therefor. Jones was an actual participant. Means was nearby and cognizant of all that was done. Each of them testified in detail to facts showing the guilt of the appellant. Under such circumstances, as stated above, it has been held on various occasions that the charge given to the jury sufficiently complied with the law on the subject of accomplice testimony. So far as the present charge is criticised, it is identical with that given to the jury in the case of Oates v. State, 67 Texas Crim. Rep., 488. Notwithstanding the criticism of the charge, the Oates case, supra, in which there was a conviction carrying the death

penalty, was affirmed. The same conclusion is recorded in the case of Watson v. State, 90 Texas Crim. Rep., 576. See, also, Walker v. State, 94 Texas Crim. Rep., 653, and other cases of the same character which are collated in the case of Anderson v. State, 95 Texas Crim. Rep., 346, to which we have been referred by the appellant as supporting his contention. The Anderson case, supra, was reversed because of a fault in the charge on accomplice testimony, the opinion drawing a distinction between the facts in that case and those which are involved in the present appeal. Under the statute, "a conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed; and the corroboration is not sufficient if it merely shows the commission of the offense." Such is the language of article 718, C. C. P., 1925. See, also, Tex. Jur., vol. 14, p. 241, sec. 146. The testimony of the accomplices in the present instance not only tends to identify the accused as the perpetrator of the crime, but if true, demonstrates his guilt. Under such circumstances, as stated above, the charge which was given to the jury in the present instance has been uniformly upheld.

The motion for rehearing is overruled.

*Overruled.*