## 22500. JOHNSON v. THE STATE.

*F. Joe Turner Jr.*, for plaintiff in error.

*John A. Boykin, solicitor-general, J. W. LeCraw, E. A. Stephens,* contra.

HOOPER, J. Roy Johnson was jointly indicted with Jack Lane, but was tried separately. The first count charged the accused with carrying a pistol without a license, and it is not contended that the evidence upon that count was insufficient. The second count charges defendants with carrying a concealed weapon. A general verdict of guilty was returned on the indictment. The sole contention of counsel for the plaintiff in error is that the evidence does not authorize a verdict of guilty against Roy Johnson for carrying a concealed weapon, and that, therefore, the general verdict of guilty upon both counts should not stand.

The testimony bearing directly upon this defendant's guilt under the second count was substantially as follows: Sherman Martin, a colored watchman, was on duty at the office of the Southern Cotton Oil Company. He testified that about 9 o'clock p. m. two men "rushed right in the door and had guns in their hands. I didn't say each one had guns. I know I seen one. I think both had guns. I seen one and the other had something that looked like a gun, I don't know whether it was that or not." They took from this watchman a pistol he was carrying in a holster at his side. T. B. Mobley, a bookkeeper, upon hearing the scuffling, came from an adjoining room. He was "covered" by the pistol of one

of the defendants, and both then made their escape. He subsequently identified them. Between 9 and 9:30 o'clock, p. m., police officer S. C. Tuck and others arrested the defendants, who were then on the streets of Atlanta some two or three miles from the Southern Cotton Oil Company offices, and were in an automobile which had been loaned to Jack Lane a short time before. Officer Tuck testified: "There was a pistol got out of the car, and the other one was picked up from under the car. It was lying on the concrete. That automatic was the one lying under the car. The boys [defendants] were in the car when I got this off the ground. . . I saw Roy Johnson drop this pistol [the automatic] through the floor board of the car on the concrete. This Colt's revolver was gotten off the seat on the opposite side of the car from where I was, on the driver's side." When the officers arrived at the station-house with their prisoners it was 9:45 o'clock, p. m.

It will be noted that at the office of the Southern Cotton Oil Company no weapons were concealed by the defendants, and on the occasion of their arrest one pistol was found on the seat of the automobile and the other was found under the car where it had been dropped by this defendant. Not over thirty minutes elapsed between the defendants' entrance into the above-mentioned office and the time they were found in the automobile several miles away. Counsel for the State concede that the evidence as to the weapons being concealed is circumstantial, but contend that "it is not likely that they went along brandishing their guns or holding them in their hands." Perhaps not, but it is entirely reasonable to infer that defendants, when they rushed from said office with the pistols in their hands, placed the pistols in the automobile and drove several miles distance to the place where the pistols were found as above described. This perfectly reasonable hypothesis is not excluded by the testimony in the case. There is no direct evidence of concealment, and the circumstantial evidence tending to show the carrying of a concealed weapon is insufficient. In the case of *Smith* v. *State,* 113 *Ga.* 645 (38 S. E. 955), the evidence tending to show the guilt of the accused of carrying a concealed weapon was much stronger than in this case, but the Supreme Court held that the evidence was insufficient.

As the indictment contained two counts, and the evidence sustained a conviction on only one count, the general verdict of

guilty was unauthorized, and the judge of the superior court erred in overruling the motion for a new trial, based on the general grounds only. *Simmons* v. *State,* 162 *Ga.* 316 (134 S. E. 54).

*Judgment reversed. Broyles, C. J., and Luke, J., concur.*